JONATHAN R. BASS (State Bar No. 75779)
SUSAN K. JAMISON (State Bar No. 131867)
JEREMIAH J. BURKE (State Bar No. 253957)
COBLENTZ, PATCH, DUFFY & BASS LLP
One Ferry Building, Suite 200
San Francisco, California 94111-4213
Telephone: 415.391.4800
Facsimile: 415.989.1663
Email:  ef-jrb@cpdb.com,
        ef-skj@cpdb.com,
        ef-jjb@cpdb.com

Attorneys for Defendant Barr Rosenberg

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| The Government of Guam Retirement Fund; The Sacramento County Employees' Retirement System; The Board of Trustees of The National Elevator Industry Health Benefit Fund; and The Board of Trustees of the Pipefitters Local 636 Defined Benefit Pension Fund, both individually and on behalf of all others similarly situated,<br><br>  Plaintiffs,<br><br>  v.<br><br>AXA Rosenberg Group LLC, AXA Rosenberg Investment Management LLC, Barr Rosenberg Research Center LLC, and Barr Rosenberg,<br><br>  Defendants. | Lead Case No. 11-00536 JSW<br>Related Case No. 11-0897<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT BARR ROSENBERG'S MOTION TO DISMISS** |

On September 9, 2011, the Motion to Dismiss of Defendant Barr Rosenberg came on for hearing, along with the motion filed by AXA Rosenberg Group LLC, AXA Rosenberg Investment Management LLC, and the Barr Rosenberg Research Center (the AXA Rosenberg Defendants).

Defendant Barr Rosenberg timely joined in the motion to dismiss, pursuant to Rule 12(b)(6), and for a more definite statement, pursuant to Rule 12(e), filed by the AXA Rosenberg Defendants.

1. Defendant Barr Rosenberg also moved to dismiss, pursuant to Rule 12(b)(6), the Consolidated Class Action Complaint filed by the Government of Guam Retirement Fund, the Sacramento County Employees' Retirement System, the Board of Trustees of the National Elevator Industry Health Benefit Fund, and the Board of Trustees of the Pipefitters Local 636 Defined Benefit Pension Fund (collectively, "Plaintiffs"), and each claim for relief asserted therein, on grounds uniquely applicable to him.

The parties were represented at the hearing by their respective counsel of record. Having considered the motion papers, the papers filed in support of and in opposition thereto, and the arguments of counsel, and for good cause shown, the Court finds and ORDERS:

1. Counts I-III are barred by the Securities Litigation and Uniform Standards Act of 1998 ("SLUSA"), 15 U.S.C. § 78bb(f)(5).

2. Plaintiffs fail to sufficiently allege that the conduct they complain of has caused them uncompensated damage, which renders each of Plaintiffs' claims defective.

3. All claims against AXA Rosenberg Group, LLC, the Barr Rosenberg Research Center, and Counts I, III, V, VI, VII, and VIII against Defendant Barr Rosenberg ("BRRC") are defective because these entities and Dr. Rosenberg owe no legal duty to plaintiffs – either by virtue of common law or ERISA.

More specifically, Counts V-VIII are dismissed as to Defendant Barr Rosenberg because Plaintiffs have not alleged facts showing that Barr Rosenberg was an ERISA fiduciary. ERISA liability attaches only to those who are expressly designated as ERISA fiduciaries, *see* 29 U.S.C. § 1102(a); those who exercise discretionary authority, control, or responsibility with respect to an ERISA plan or its assets, *see* 29 U.S.C. §§ 1002(21)(A)(i)(iii); or those who regularly provide individualized investment advice to an ERISA plan pursuant to a mutual understanding, *see* 29 U.S.C. §§ 1002(a)(21)(A)(ii); *see also Nieto v. Ecker*, 845 F.2d 868, 870-73 (9th Cir. 1988); *Farm King Supply, Inc. Integrated Profit Sharing Plan and Trust v. Edward D. Jones & Co.*, 884 F.2d 288, 292 (7th Cir. 1989), *Consolidated Beef Industries, Inc. v. New York Life Ins. Co.*, 949 F.2d 960, 965 (8th Cir. 1991). Defendant Barr Rosenberg is not alleged to have been, or done, any of those things. All of the ERISA-based claims alleged by Plaintiffs in this action against Dr.

Rosenberg require that he be an ERISA fiduciary. Accordingly, the Court dismisses the ERISA-based claims against Defendant Barr Rosenberg.

Counts I and III are dismissed as to Defendant Barr Rosenberg on the same ground. Plaintiffs fail to allege a relationship between themselves and Barr Rosenberg such that he could be liable to them for breach of fiduciary duty or negligence. *Swinden v. Vanguard Group, Inc.*, No. 09-3816, 2009 WL 3415376 (N.D. Cal. Oct. 21, 2009); *Brown v. Cal. Pension Adm'rs. & Consultants, Inc.*, 45 Cal. App. 4th 333, 347-48 (1996).

4. Count VIII is defective as asserted against all defendants because Plaintiffs fail to allege an ERISA Section 406(b) prohibited transaction.

5. Counts I-IV are defective pursuant to Rule 12(e) because Plaintiffs fail to identify which law forms the basis for these claims.

6. Counts II is defective because Plaintiffs fail to allege the facts required to state an aiding and abetting claim against Defendant Barr Rosenberg. *See Casey v. U.S. Bank Nat'l Assn.*, 127 Cal. App. 4th 1138, 1145 (2005).

7. Count IV is defective as plaintiffs allege no facts that would require Defendant Barr Rosenberg to provide them with an accounting. *See Teselle v. McLoughlin*, 173 Cal. App. 4th 156, 179 (2009).

Based on the foregoing findings, the Court hereby GRANTS the Motion to Dismiss filed by Defendant Barr Rosenberg as to each of the claims asserted against him.

IT IS SO ORDERED.

DATED: September , 2011

JEFFREY S. WHITE
United States District Judge