JONATHAN R. BASS (State Bar No. 75779)
SUSAN K. JAMISON (State Bar No. 131867)
REES F. MORGAN (State Bar No. 229899)
COBLENTZ, PATCH, DUFFY & BASS LLP
One Ferry Building, Suite 200
San Francisco, California 94111-4213
Telephone: 415.391.4800
Facsimile: 415.989.1663
Email:   ef-jrb@cpdb.com,
         ef-skj@cpdb.com,
         ef-rfm@cpdb.com,

Attorneys for Defendant Barr Rosenberg

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re AXA ROSENBERG INVESTOR LITIGATION | Master File No. CV 11-00536 JSW |
| | <u>CLASS ACTION</u> |
| This Document Relates To: | **REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT BARR ROSENBERG'S MOTION TO DISMISS** |
| All actions. | |
| | Date:       September 9, 2011<br>Time:       9:00<br>Courtroom: 11, 19th Floor<br>Judge:      Hon. Jeffrey S. White |

# TABLE OF CONTENTS

**Page**

ARGUMENT ..................................................................................................................................1

    I.    THE COMPLAINT DOES NOT ALLEGE FACTS SUFFICIENT TO SUPPORT A CLAIM THAT DR. ROSENBERG WAS AN ERISA FIDUCIARY. ...............................................................................................................1

        A.    A Functional Fiduciary Must Have Discretionary Authority Or Control. ..............................................................................................................2

        B.    There Is No Allegation That Dr. Rosenberg Had Unilateral Control or Ultimate Authority Over Investment of Plaintiffs' Assets. ........................3

        C.    Plaintiffs Want To Expand The Functional Fiduciary Standard. ...................5

    II.    THE COMPLAINT FAILS TO STATE A COMMON LAW BREACH OF FIDUCIARY DUTY CLAIM AGAINST DR. ROSENBERG. ...............................7

    III.    THE COMPLAINT FAILS TO STATE A CLAIM FOR AIDING AND ABETTING A BREACH OF A FIDUCIARY DUTY. ............................................8

    IV.    THE COMPLAINT FAILS TO ALLEGE CLAIMS FOR NEGLIGENCE OR AN ACCOUNTING AGAINST DR. ROSENBERG. ........................................9

CONCLUSION .............................................................................................................................10

Coblentz, Patch, Duffy & Bass LLP
One Ferry Building, Suite 200, San Francisco, California 94111-4213
415.391.4800 · Fax 415.989.1663

11776.004.1816947v8         i         No. C 11-00536 JSW

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT BARR ROSENBERG'S MOTION TO DISMISS**

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*1849 Condominium Assoc. v. Bruner*,
 2011 WL 646390 (E.D. Cal. Feb. 17, 2011) .................................................................. 9

*Ariz. State Carpenters Pension Trust Fund v. Citibank*,
 125 F.3d 715 (9th Cir. 1997) ........................................................................................ 6

*Ashcroft v. Iqbal*,
 129 S. Ct. 1937 (2009) ................................................................................................. 1

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007) ..................................................................................................... 1

*Blevins Screw Products, Inc. v. Prudential Bache Securities, Inc.*,
 835 F.Supp. 984 (E.D. Mich. 1993) .............................................................................. 6

*Brooks v. Gomez*,
 2010 WL 5141862 (N.D. Cal. Dec. 13, 2010) .............................................................. 7

*Carr v. Int'l Game Technology*,
 770 F. Supp.2d 1080 (D. Nev. 2011) ............................................................................ 6

*Casey v. U.S. Bank Nat'l Assn.*,
 127 Cal.App.4th 1138 (2005) ....................................................................................... 8

*Chicago District Council of Carpenters Welfare Fund v. Caremark, Inc.*,
 474 F.3d 463 (7th Cir. 2007) ........................................................................................ 2

*City of Atascadero v. Merrill Lynch*,
 68 Cal.App.4th 445 (1998) ........................................................................................... 8

*Consol. Beef Indus., Inc. v. New York Ins. Co.*,
 949 F.2d 960 (8th Cir. 1991) ........................................................................................ 6

*Cyr v. Reliance Standard Life Ins. Co.*,
 642 F.3d 1202 (9th Cir. 2011) ...................................................................................... 2

*Farm King Supply, Inc. Integrated Profit Sharing Plan and Trust v. Edward D. Jones & Co.*,
 884 F.2d 288 (7th Cir. 1989) .................................................................................... 2, 6

*Gelardi v. Pertec Computer Corp.*,
 761 F.2d 1323 (9th Cir. 1985) ...................................................................................... 2

*Hecker v. Deere & Co.*,
 556 F.3d 575 (7th Cir. 2009) ........................................................................... 3, 4, 5, 6

*Hirsh v. Arthur Anderson & Co.*,
 72 F.3d 1085 (2d Cir. 1995) ......................................................................................... 5

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT BARR ROSENBERG'S MOTION TO DISMISS**

*In re Calpine Corp. ERISA Litig.*,
  2005 WL 1431506 (N.D. Cal. 2005) ................................................................................ 1, 3

*Kayes v. Pac. Lumber Co.*,
  51 F.3d 1449 (9th Cir. 1995) ............................................................................................ 6

*Kirshbaum v. Reliant Ener., Inc.*,
  526 F.3d 243 (5th Cir. 2008) ............................................................................................ 6

*Marcelos v. Dominguez*,
  2008 WL 2788173 (N.D. Cal. July 18, 2008) .................................................................. 9

*Mintz v. Blue Cross*,
  172 Cal.App.4th 1594 (2009) ........................................................................................... 9

*Neilson v. Union Bank of Cal., N.A.*,
  290 F.Supp.2d 1101 (C.D. Cal. 2003) .............................................................................. 8

*Parker v. Bain*,
  68 F.3d 1131 (9th Cir. 1995) ............................................................................................ 2

*Pegram v. Herdrich*,
  530 U.S. 211 (2000) ..................................................................................................... 1, 7

*Saunders v. Superior Court*,
  27 Cal.App.4th 832 (1994) ............................................................................................... 8

*St. Clare v. Gilead Scis., Inc.*,
  536 F.3d 1049 (9th Cir. 2008) .......................................................................................... 5

*Swinden v. Vanguard Group, Inc.*,
  2009 U.S. Dist. LEXIS 97632 (N.D. Cal. Oct. 21, 2009) ............................................. 7, 8

*Swinden v. The Vanguard Group, Inc.*,
  2009 WL 3415376 (N.D. Cal. 2009) ................................................................................ 1

*Teselle v. McGloughlin*,
  173 Cal.App.4th 156 (2009) ............................................................................................. 9

*Wright v. Oregon Metallurgical Corp.*,
  360 F.3d 1090 (9th Cir. 2004) .......................................................................................... 1

*Yeseta v. Baima*,
  837 F.2d 380 (9th Cir. 1988) ............................................................................................ 4

**STATUTES & RULES**

29 U.S.C. section 1002(21)(A) ................................................................................................ 2, 3

29 U.S.C. section 1132(a)(1)(B) ................................................................................................. 2

29 U.S.C. section 1132(a)(2) ....................................................................................................... 2

Federal Rules of Civil Procedure, Rule 8 .................................................................................... 4

11776.004.1816947v8                                    iii                                    No. C 11-00536 JSW

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT BARR ROSENBERG'S MOTION TO DISMISS**

**ARGUMENT**

**I.  THE COMPLAINT DOES NOT ALLEGE FACTS SUFFICIENT TO SUPPORT A CLAIM THAT DR. ROSENBERG WAS AN ERISA FIDUCIARY.**

Plaintiffs argue that dismissal of the ERISA-based claims is unwarranted because Dr. Rosenberg's status as an ERISA fiduciary is a matter that requires "the development of a factual record."  *See* Plaintiffs' Opposition To Defendants' Motions To Dismiss the Consolidated Complaint ("Opp.") at 25, 29.  Of course, virtually all lawsuits require the development of a factual record, *assuming* that the plaintiff is able to satisfy his initial burden of presenting a legally sufficient complaint.  It is that hurdle that Plaintiffs have failed to clear.  The issue on this motion is not whether Plaintiffs might *eventually* be able to state a claim based on a new set of factual allegations.  It is whether, accepting the facts actually pleaded in the Complaint, Plaintiffs have *now* alleged "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1953-54 (2009).[1]

Contrary to Plaintiffs' assertion, a court is perfectly able to determine, on a motion to dismiss, whether a complaint adequately alleges the defendant's fiduciary status.  *See, e.g.*, *Pegram v. Herdrich*, 530 U.S. 211, 217 (2000); *Wright v. Oregon Metallurgical Corp.*, 360 F.3d 1090, 1093 (9th Cir. 2004); *In re Calpine Corp. ERISA Litig.*, 2005 WL 1431506 at *1 (N.D. Cal. 2005); *Swinden v. The Vanguard Group, Inc.*, 2009 WL 3415376, at *13-15 (N.D. Cal. 2009).[2]  Indeed, by urging that they should be given a chance to develop facts establishing Dr. Rosenberg's fiduciary duty (Opp. at 25), Plaintiffs concede that that they have not pled those facts *yet*.

---

[1] Plaintiffs countered that the Motion "raises factual disputes." Opp. at 22.  That of course is not true.  We have not challenged the truth of any of the Complaint's material factual allegations.

[2] In a footnote, Plaintiffs suggest that dismissing the fiduciary claims against Dr. Rosenberg "without any discovery would be extraordinary" because similarly situated plaintiffs in the future would have no redress for breaches of fiduciary duties.  This motion is not about "similarly situated" plaintiffs in future cases.  It is about whether *these* Plaintiffs should be given a free pass to proceed with their action – and thereby impose an enormous burden on Dr. Rosenberg – without having met their threshold pleading burden.

11776.004.1816947v8 | 1 | No. C 11-00536 JSW

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT BARR ROSENBERG'S MOTION TO DISMISS**

COBLENTZ, PATCH, DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA 94111-4213
415.391.4800 · FAX 415.989.1663

### A. A Functional Fiduciary Must Have Discretionary Authority Or Control.

In order to allege that Dr. Rosenberg was a "functional fiduciary" under ERISA § 3(21)(A), the Complaint must show that he exercised discretionary authority over Plaintiffs' investment plans or control over plan assets. Opp. at 23, 27;[3] ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A).

An individual or entity has the discretionary authority or control required to be a functional fiduciary under ERISA § 3(21)(A) only if that individual or entity has *ultimate* or *unilateral* authority over how plan assets are invested. It is not enough to provide input into the investment process; the defendant must have exercised final authority over the disposal of plan assets. *See, e.g., Farm King Supply, Inc. Integrated Profit Sharing Plan and Trust v. Edward D. Jones & Co.*, 884 F.2d 288, 292 (7th Cir. 1989) (affirming dismissal of ERISA functional fiduciary claims in absence of allegation that defendant had "the authority to exercise control *unilaterally* over a portion of a plan's assets, not merely to propose investments."); *Chicago District Council of Carpenters Welfare Fund v. Caremark, Inc.*, 474 F.3d 463, 472-73 (7th Cir. 2007) (affirming dismissal of ERISA functional fiduciary claims where defendant lacked power to "*unilaterally*" change plan management); *Gelardi v. Pertec Computer Corp.*, 761 F.2d 1323, 1325 (9th Cir. 1985) (ERISA functional fiduciary must exercise "discretionary authority" over a plan or plan assets)[4]; *Parker v. Bain*, 68 F.3d 1131, 1140 (9th Cir. 1995) (defendant "exercised discretionary

---

[3] Plaintiffs cite a second test for an ERISA "functional fiduciary" – i.e., the alleged rendering of "investment advice for a fee" – but they effectively concede they have not alleged a plausible claim that Dr. Rosenberg is an ERISA fiduciary under that test. Opp. at 27-28.

[4] Plaintiffs mistakenly assert that this aspect of *Gelardi* was overruled by *Cyr v. Reliance Standard Life Ins. Co.*, 642 F.3d 1202 (9th Cir. 2011). The *Cyr* opinion overturned only the narrow holding in *Gelardi* that potential liability under 29 U.S.C. § 1132(a)(1)(B) is limited to a benefits plan or the plan administrator. 642 F.3d at 1203-4. That holding is irrelevant here since Plaintiffs have sued under 29 U.S.C. § 1132*(a)(2)*, not § 1132*(a)(1)(B)*. Compl., ¶84. *Cyr* left intact *Gelardi's* holding that – pursuant to 29 U.S.C. § 1002(21)(A) – a functional fiduciary must exercise "discretionary authority" over plan assets. *See Gelardi*, 761 F.2d at 1325. Moreover, the facts of *Cyr* hardly support Plaintiffs' claims against Dr. Rosenberg. The *Cyr* defendant did not challenge its status as a functional fiduciary under ERISA, having directly communicated with the plaintiff and unilaterally stopped ERISA-sanctioned payments to the plaintiff. 642 F.3d at 1204-5.

COBLENTZ, PATCH, DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA 94111-4213
415.391.4800 · FAX 415.989.1663

authority over Plan assets when he personally ordered [] employees to withdraw funds from the Plan"). This standard is the same whether the claim is based on the defendant's "authority" or "control" over plan assets. *See Hecker v. Deere & Co.*, 556 F.3d 575, 583-84 (7th Cir. 2009) (assessing 29 U.S.C. § 1002(21)(A)'s "discretionary authority" and "control over assets" tests using the same analysis).

### B. There Is No Allegation That Dr. Rosenberg Had Unilateral Control or Ultimate Authority Over Investment of Plaintiffs' Assets.

Plaintiffs do not allege that Dr. Rosenberg had unilateral or ultimate control or authority over plan assets. Instead, the Complaint alleges that AXA Rosenberg Investment Management ("ARIM") had "discretionary authority" with respect to the investment of plan assets (Compl. ¶¶ 9-12), that it "manage[d]" those assets (*id.* ¶ 15), and that its "Investment Group" was "the team responsible for doing the actual investing." *Id.*¶ 30. In short, Plaintiffs allege that *ARIM* – not Dr. Rosenberg – was the party with ultimate authority over the investment and disposition of plan assets.[5]

The conclusory assertion that Dr. Rosenberg maintained "full control" over the quantitative investment model used by ARIM is not an allegation of discretionary authority or control over any plan assets. *Id.* at ¶¶ 39, 60; Opp. at 24. Plaintiffs concede that Dr. Rosenberg's purported "control" over the investment model was at least one step removed from the disposition of fund assets: the model was used by ARIM's Investment Group (of which Dr. Rosenberg is not alleged to be a part) as a tool for managing plan assets. Compl. at ¶15, 30. Even if the model *automatically* selected the investments for the Investment Group to execute, no legal authority of which we are aware (and Plaintiffs cite none) would equate that with an exercise of discretionary authority over plan assets by Dr. Rosenberg. To the contrary, in every ERISA §3(21)(A) case

---

[5] Plaintiffs nowhere allege that Dr. Rosenberg had any authority at all with respect to ARIM during the time period in question, much less facts to support their conclusion that he "controlled" the investment process. Dr. Rosenberg's status as ARG's Chairman or Board member (Compl. ¶¶ 5, 18, 37), absent facts indicating he acted as a fiduciary, did not make him an ERISA fiduciary. *See Calpine*, 2005 WL 1431506 at *4 ("Directors are only fiduciaries to the extent they perform the functions of a fiduciary.")

COBLENTZ, PATCH, DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA 94111-4213
415.391.4800 · FAX 415.989.1663

cited by Plaintiffs, the individual or entity that was found to have "functional fiduciary" status was the individual or entity that had the authority to actually *invest the plan assets*, and it was ARIM that executed the transactions.[6] Even if the purportedly "automatic" investment selections by the model could somehow be construed as imparting ultimate discretion or control over plan assets, Plaintiffs do not allege any facts to support their conclusion that Dr. Rosenberg had "full control" over that model during any relevant time period, or at any time at all, for that matter. No allegations suggest that Dr. Rosenberg made the investment judgments, or developed the selection criteria, programmed into the 2007 model.[7]

Plaintiffs say that their investment agreements with ARIM "plainly demonstrate that BRRC and Rosenberg exercised authority and control over Plaintiff's assets" (Opp. at 26, 27), but they fail to cite anything in support of that contention. Plaintiff Guam's investment contract – introduced in connection with the Motion to Dismiss as an example of the investment contract described in the Complaint – contains no reference to Dr. Rosenberg. *See* Rubin Decl. ISO Motion to Dismiss, Ex. B. The agreement torpedoes Plaintiffs' entire ERISA case against Dr. Rosenberg, as it vests full "discretionary authority" over plan assets in ARIM, the named ERISA fiduciary. *Id.* at 1-3.

*Hecker v. Deere & Co.* was a suit against the employer (Deere) and several Fidelity entities that provided investment services to Deere's 401k plans. 556 F.3d at 577-79. The plaintiffs

---

[6] This is particularly true where the purported ERISA functional fiduciary, like Dr. Rosenberg, is an *individual*. In such a situation, courts regularly hold that the individual is only a functional fiduciary if he or she could directly (physically) access or control the assets at issue. *See*, *e.g.*, *Yeseta v. Baima*, 837 F.2d 380, 385-86 (9th Cir. 1988) (individual defendant a functional fiduciary because he had authority to unilaterally withdraw and dispose of assets).

[7] Oddly, a good part of the Complaint's characterization of Dr. Rosenberg does not even amount to factual allegations. Much of it is simply comprised of references to an article in *Pension & Investments*, an industry magazine. Leaving aside the fact that none of those statements supply "facts" sufficient to satisfy the pleading standard, they do not even qualify as allegations of any fact at all, other than that the statements were made in the article. In effect, Plaintiffs, lacking any basis for making direct factual allegations, content themselves with quoting statements and characterizations contained in a periodical. These "allegations" carry zero weight under Fed. R. Civ. P., Rule 8.

alleged that the Fidelity entities were functional fiduciaries because they exercised discretion over the investment of plan assets. *Id.* at 583-84. They relied on Fidelity's alleged *de facto* (according to the plaintiffs, virtually unfettered) control over the selection of funds in which Deere invested: Deere's choice of investments was limited to Fidelity investment vehicles. *Id.* The Seventh Circuit affirmed the dismissal of the Fidelity defendants:

> There is an important difference between an assertion that a firm exercised 'final authority' over the choice of funds, on the one hand, and an assertion that a firm simply 'played a role' in the process, on the other hand. The Complaint on which the Hecker group proceeded made the latter allegation, not the former.

556 F.3d at 584.

*Hecker* makes clear that playing some role in, exercising some control over, or substantially influencing investment selection is insufficient to render Dr. Rosenberg (who is nowhere alleged to have exercised *any* authority, much less *final* authority, over the investment of assets) an ERISA fiduciary.

For purposes of a motion to dismiss, material factual allegations are taken as true, but not "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *St. Clare v. Gilead Scis., Inc.*, 536 F.3d 1049, 1055 (9th Cir. 2008). Plaintiffs' allegation that "Barr Rosenberg controlled the investment process" (Compl., ¶18) is just a conclusion, and it is contradicted by the specific factual allegations in the Complaint that ARIM actually managed Plaintiffs' money. *See Hirsh v. Arthur Anderson & Co.*, 72 F.3d 1085, 1092 (2d Cir. 1995) (courts need not credit general conclusory allegations "that are belied by more specific allegations of the complaint.")

C. **Plaintiffs Want To Expand The Functional Fiduciary Standard.**

Unable to allege that Dr. Rosenberg exercised ultimate, unilateral authority over plan assets, Plaintiffs argue that an ERISA fiduciary may be "*anyone*" who exercises some control over the "disposition of plan assets." Opp. at 23, 27. Plaintiffs assert that, as long as they have alleged facts sufficient to plausibly demonstrate that Dr. Rosenberg had significant influence on ARIM's investment decision-making, their ERISA fiduciary claims against Dr. Rosenberg should pass muster. Opp. at 24 (Rosenberg exercised "significant" (but not exclusive) control over

1  assets); 26 (Rosenberg "substantially" (but not unilaterally) participated in ARIM's management of
2  assets.)

3       Plaintiffs, in other words, would like the law to be other than it is, because the actual state
4  of the law is at odds with their claims. *Hecker* holds that having substantial influence over
5  investment decisions made by another entity is insufficient to confer functional fiduciary status.
6  Nor is Plaintiffs' functional fiduciary standard supported by any of the cases that Plaintiffs
7  themselves cite, each of which either follows the existing standard (*see, e.g.*, *Ariz. State
8  Carpenters Pension Trust Fund v. Citibank*, 125 F.3d 715, 722 (9th Cir. 1997) (*declining* to find
9  Citibank an ERISA functional fiduciary, despite the fact that Citibank provided information to the
10 investment manager that could have affected investment decisions)), or are factually
11 distinguishable in major respects. *See, e.g.*, *Kayes v. Pac. Lumber Co.*, 51 F.3d 1449, 1459 (9th
12 Cir. 1995) (defendants *conceded* that they had acted as ERISA fiduciaries with respect to the
13 plaintiffs); *Carr v. Int'l Game Technology*, 770 F. Supp.2d 1080, 1088-92 (D. Nev. 2011)
14 (company directors have a fiduciary *duty to monitor* an investment committee under ERISA
15 because they were *responsible for choosing the members* of the team).[8]

16       Plaintiffs' functional fiduciary theory – that *anyone* who has some control over or influence
17 on the investment decisions of ERISA-covered assets is a functional fiduciary – would lead to an
18 absurd and unprecedented expansion of ERISA liability. Software engineers assisting in the
19 programming effort for some portion of the model used by the investment team, economists or
20 econometricians providing "content" utilized by the model (and thus ultimately by the investment
21 team), mathematicians assisting with the model – they would all be swept into this expanded (and
22 effectively boundaryless) category of ERISA functional fiduciaries. Indeed, in a quantitative

---

[8] The remaining cases cited by Plaintiffs in the section of their Opposition addressing the ERISA functional fiduciary issue were cited by Dr. Rosenberg (*Farm King*, 884 F.2d 288 (7th Cir. 1989), *Consol. Beef Indus., Inc. v. New York Ins. Co.*, 949 F.2d 960 (8th Cir. 1991), *Kirshbaum v. Reliant Ener., Inc.*, 526 F.3d 243 (5th Cir. 2008)), and they all employ the "final, unilateral authority" test for functional fiduciary status under ERISA. Plaintiffs fail entirely to address *Blevins Screw Products, Inc. v. Prudential Bache Securities, Inc.*, 835 F.Supp. 984 (E.D. Mich. 1993), which – like *Hecker* – is closely analogous to this case.

1 investment firm, it would be difficult to identify an individual involved in the development of
2 quantitative models, or engaged in software or computer programming, who would *not* be deemed
3 an ERISA fiduciary.

4     In another context, the Supreme Court has cautioned against expanding the class of
5 functional fiduciaries under ERISA. *See Pegram*, 530 U.S. at 232-37 (2000). Jettisoning the
6 established law governing the determination of whether someone is a functional fiduciary, in favor
7 of Plaintiffs' new definition – the "anyone with some control" test – would significantly (and
8 improperly) expand the universe of potential "functional fiduciaries" beyond recognition, and
9 beyond any purpose.

## II. THE COMPLAINT FAILS TO STATE A COMMON LAW BREACH OF FIDUCIARY DUTY CLAIM AGAINST DR. ROSENBERG.

12     Plaintiffs' common law fiduciary duty claims against Dr. Rosenberg fail for the same
13 reasons as their ERISA fiduciary duty claims: the facts alleged in the Complaint do not support a
14 plausible claim that Dr. Rosenberg had a fiduciary relationship with Plaintiffs. Plaintiffs had no
15 contractual relationship with Dr. Rosenberg, Dr. Rosenberg never advised Plaintiffs with respect
16 to their investments, and Dr. Rosenberg initiated no investment transactions on their behalf. Dr.
17 Rosenberg was not initially named as a defendant in the *Government of Guam v. AXA Rosenberg*
18 *LLC* case, the common law action. His name was simply added to those claims when the
19 Consolidated Complaint was filed. We have no idea what thought went into the decision to
20 include him in that aspect of the case, assuming there was any.

21     Plaintiffs' attempt to justify their common law fiduciary duty claim, in the absence of any
22 proper allegation of fiduciary duty, is half-hearted. Opp. at 29-30. In fact, each case that they cite
23 actually supports *dismissal* of the common law fiduciary claims against Dr. Rosenberg. For
24 example, in *Brooks v. Gomez*, 2010 WL 5141862, at *4 (N.D. Cal. Dec. 13, 2010), the Court
25 permitted a fiduciary duty claim to proceed because the defendant had knowingly entered into a
26 legal relationship with Plaintiff and had "full discretion" in managing her trust account. In
27 *Swinden v. Vanguard Group, Inc.*, 2009 U.S. Dist. LEXIS 97632, at *13-15 (N.D. Cal. Oct. 21,
28 2009), the Court *dismissed* the plaintiff's common law breach of fiduciary duty claims because she

1  failed to allege facts establishing that the defendant had provided her with investment advice or
2  had the "authority to make trades on the client's behalf." *Id.* at *14; *compare*, *City of Atascadero*
3  *v. Merrill Lynch*, 68 Cal.App.4th 445, 483-84 (1998) (facts were sufficient to show that the
4  defendant had made direct misrepresentations relied on by plaintiffs and directly colluded with the
5  plaintiffs' *trustees* in carrying out an unsound investment strategy).

## III. THE COMPLAINT FAILS TO STATE A CLAIM FOR AIDING AND ABETTING A BREACH OF A FIDUCIARY DUTY.

A defendant can aid and abet *another*'s breach of fiduciary duty in either of two ways: (1) the person knows the fiduciary's conduct constitutes a breach of duty, and gives substantial assistance to him in so acting, or (2) the person gives substantial assistance to the fiduciary in accomplishing the tortious result, and the person's own conduct constitutes a breach of duty that he himself owes to the plaintiff. *Saunders v. Superior Court*, 27 Cal.App.4th 832, 846 (1994). Plaintiffs largely abandon any claim that Dr. Rosenberg aided and abetted a breach under the second test (they have no facts that suggest that Dr. Rosenberg's own conduct was a breach of any duty owed to them), devoting only one sentence in the Opposition to that argument. Opp. at 32.

Plaintiffs argue instead that Dr. Rosenberg knew of another's breach of fiduciary duty, and substantially assisted in that breach, because he knew the investment model "was operating without oversight but insisted on that dangerous situation." Opp. at 31. But Plaintiffs offer no authority to support their contention that knowledge of a lack of "oversight" can be equated with knowledge that another person is *committing a breach of fiduciary duty*. Even assuming that the two could be conflated, Plaintiffs do not allege *actual knowledge* on the part of Dr. Rosenberg of the purported breach of duty. Instead, they allege that Dr. Rosenberg "knew *or should have known*" of the allegedly deficient oversight. *See* Compl., ¶ 39. The aiding and abetting test considers not what a prudent or reasonable man would know or believe, but what the supposed aider and abettor *actually* believed. *Casey v. U.S. Bank Nat'l Assn.*, 127 Cal.App.4th 1138, 1145-49 (2005). It is, in other words, a subjective test. *See Neilson v. Union Bank of Cal., N.A.*, 290 F.Supp.2d 1101, 1118-19 (C.D. Cal. 2003) (referring to prior dismissal of aiding and abetting breach of fiduciary duty claim where the Complaint had alleged only the defendant "knew or

Coblentz, Patch, Duffy & Bass LLP
One Ferry Building, Suite 200, San Francisco, California 94111-4213
415.391.4800 · Fax 415.989.1663

11776.004.1816947v8　　　　　　8　　　　　　No. C 11-00536 JSW

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT BARR ROSENBERG'S MOTION TO DISMISS**

should have known" about a breach of fiduciary duty).[9]

## IV. THE COMPLAINT FAILS TO ALLEGE CLAIMS FOR NEGLIGENCE OR AN ACCOUNTING AGAINST DR. ROSENBERG.

The negligence claim should be dismissed because Plaintiffs have failed to allege facts to support the existence of *any* legal duty owed to them by Dr. Rosenberg, not simply (as Plaintiffs argue) a contractual duty. Opp. at 33. Plaintiffs point out that *Mintz v. Blue Cross*, 172 Cal.App.4th 1594 (2009), holds that a negligence action can proceed in the absence of a contractual relationship. That is of course the law. Negligence does not require a contract. But the claim must be supported by specific facts establishing the existence of a duty of care. *Id.* at 1609-11. In *Mintz*, the defendant had personally interacted with the plaintiff, and was directly responsible for making health care determinations that, if imprudently made, would result in injury or death. *Id.* at 1612-13. Plaintiffs have failed to allege any comparable facts that would give rise to a duty of care owed by Dr. Rosenberg to ARIM's clients. Dr. Rosenberg is not alleged to have directly interacted with any of the plaintiffs, or to have made final investment determinations affecting them (the Complaint admits those were the province of the investment team).

Plaintiffs likewise ignore their failure to allege facts establishing a relationship with Dr. Rosenberg that would justify an accounting. They cite two cases for the proposition that an accounting is warranted when the plaintiffs lack access to records regarding their assets. Opp. at 33. But that is only one-third of the matter. There must also be a relationship between the parties that gives rise to a *right* to an accounting (*see*, *e.g.*, *Teselle v. McGloughlin*, 173 Cal.App.4th 156, 179 (2009)), and the defendant must have control over the records. *See, e.g., 1849 Condominium Assoc. v. Bruner*, 2011 WL 646390, at *7 (E.D. Cal. Feb. 17, 2011). The Complaint contains no such allegations regarding Dr. Rosenberg.[10]

---

[9] *Marcelos v. Dominguez*, 2008 WL 2788173 (N.D. Cal. July 18, 2008) is not to the contrary. There, defendant's motion to dismiss was denied because the complaint did *not* "merely" allege the defendant "knew or should have known" of the breach of fiduciary duty. *Id.* at *8.

[10] The Complaint acknowledges that Dr. Rosenberg has given up both his ownership stake and official position with respect to AXA Rosenberg. (Complaint, ¶ 37.) The whole notion of an
(footnote continued)

11776.004.1816947v8

9

No. C 11-00536 JSW

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT BARR ROSENBERG'S MOTION TO DISMISS**

COBLENTZ, PATCH, DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA 94111-4213
415.391.4800 · FAX 415.989.1663

## CONCLUSION

The Court should dismiss all claims against Barr Rosenberg for failure to state a claim upon which relief can be granted.

DATED: August 12, 2011          COBLENTZ, PATCH, DUFFY & BASS LLP

By: */s/ Jonathan R. Bass*
Jonathan R. Bass
Attorneys for Defendant Barr Rosenberg

---

"accounting" between Plaintiffs and Dr. Rosenberg is utterly mysterious.