UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re AXA ROSENBERG INVESTOR LITIGATION<br><br>This Document Relates To:  All Actions | Master File No. CV 11-00536 JSW<br><br>[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT, PROVIDING FOR NOTICE AND SCHEDULING SETTLEMENT HEARING  AS MODIFIED<br>Courtroom: 11, 19th Floor<br>Judge: Jeffrey S. White |

1    WHEREAS, (i) defendants AXA Rosenberg Group LLC, AXA Rosenberg Investment

2 Management LLC, Barr Rosenberg Research Center LLC and Barr Rosenberg (the "Settling

3 Defendants"); (ii) plaintiffs Government of Guam Retirement Fund, Sacramento County

4 Employees' Retirement System, Trustees of the Pipefitters Local 636 Defined Benefit Plan,

5 Trustees of the National Elevator Industries Health Benefit Fund (collectively, "Named

6 Plaintiffs"), and Trustees of the Carpenters Pension Fund of Illinois (collectively, with Named

7 Plaintiffs, "Settling Plaintiffs"); and (iii) the Class, have applied to the Court pursuant to Rule

8 23(e) of the Federal Rules of Civil Procedure for: (1) an order approving the settlement of the

9 above-captioned litigation (the "Action") in accordance with the Stipulation of Settlement (the

10 "Stipulation"), which, together with the exhibits annexed thereto, sets forth the terms and

11 conditions for a proposed settlement of the Action (the "Settlement"); (2) dismissal of the

12 Action with prejudice as against all of the Released Parties (as defined in the Stipulation), upon

13 the terms and conditions set forth in the Stipulation; and (3) certification of the Action as a class

14 action for settlement purposes only; and

15    WHEREAS, the Court is familiar with and has reviewed the record in the Action and

16 has reviewed the Stipulation, including the exhibits attached to the Stipulation, and found good

17 cause for entering the following Order:

18    NOW, THEREFORE, IT IS HEREBY ORDERED:

19    1.    This order (the "Preliminary Approval Order" or "Notice Order") hereby

20 incorporates by reference the definitions in the Stipulation, and all terms used herein shall have

21 the same meanings as set forth in the Stipulation.

22    2.    The Court hereby preliminarily approves the Settlement as being fair, just,

23 reasonable and adequate to the Class, pending a final hearing on the Settlement.

24    3.    Pending further order of the Court, all litigation activity, except that contemplated

25 herein, in the Stipulation, in the Notice or in the Judgment, is hereby stayed and all hearings,

26 deadlines and other proceedings in this action, except the Final Approval Hearing, are hereby

27 taken off calendar.

28

1

### CLASS CERTIFICATION

2   4.   The Court hereby certifies, for settlement purposes only, pursuant to Rules 23(a)

3  and 23(b)(3) of the Federal Rules of Civil Procedure, a Class defined as follows:

4      All persons and entities (whether consisting of a pooled investment fund or individually

5  managed account) for which AXA Rosenberg Investment Management LLC or an Affiliated

6  Adviser provided investment management or advisory services during the Class Period; and (i)

7  for which a separate account (including sub-accounts) holding cash and/or securities was

8  maintained with a custodian (or administrator or trustee) under that person's or entity's name

9  (other than the pooled investment funds whose investors meet the definition of clause (ii)), or

10  (ii) that signed subscription agreements (or similar documentation) to invest (and were invested)

11  during the Class Period in a pooled investment fund that was sponsored by AXA Rosenberg

12  Investment Management LLC, which fund did not have a board or other non-directed

13  independent trustee(s) with independent fiduciary management responsibility ("Non-

14  Independent Funds"). Excluded from the Class are Defendants and their subsidiaries, parents,

15  affiliates, successors, predecessors, officers and directors, any entity in which any excluded

16  person has a controlling interest, and the legal representatives, spouses, heirs, successors and

17  assigns of any such excluded person, except that funds managed or advised by AXA Rosenberg

18  or affiliates, any portion of which are for the benefit of non-affiliated third parties, are not

19  excluded. Also excluded from the Class are any persons or entities who exclude themselves by

20  filing a request for exclusion in accordance with the requirements set forth in the Notice.

21   5.   Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes

22  of Settlement only, Named Plaintiffs are appointed as the Class Representatives and Bernstein

23  Litowitz Berger & Grossmann LLP and Lieff Cabraser Heimann & Bernstein, LLP are appointed

24  as Lead Counsel for the Class.

25   6.   The Court appoints the firm of Epiq Systems ("Claims Administrator") to

26  supervise and administer the notice procedure as well as the processing of claims as more fully

27  set forth below:

28

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT,
PROVIDING FOR NOTICE AND SCHEDULING SETTLEMENT HEARING
Case No. CV 11-00536 JSW

2

a.     No later than fifteen (15) business days after the entry of this Preliminary Approval Order, the Claims Administrator shall cause a copy of the Notice and Proof of Claim Form (the "Claim Form"), annexed hereto as Exhibits A-1 and A-2, respectively, to be mailed by first-class mail, postage prepaid, to all members of the Class at the address of each such person as set forth in the records of the Settling Defendants and who are identified by further reasonable efforts (the "Notice Date").

7.     The Court approves the form of Notice and the Claim Form, and finds that the procedure established for mailing and distribution of such Notice substantially in the manner and form set forth in paragraph 6 of this Order meets the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Constitution of the United States, and any other applicable law, and constitutes the best notice practicable under the circumstances.

8.     For the purpose of identifying and providing notice to the Class, within ten (10) business days of the date of entry of this Order, the Settling Defendants, other than Barr Rosenberg, shall provide or cause to be provided to the Claims Administrator (at no cost to the Settlement Fund, Lead Counsel or the Claims Administrator) a list of Class Members, including names and addresses, in electronic form.  The Claims Administrator will maintain all data received from Settling Defendants in confidence, and will not share that data with any other person other than Lead Counsel on an attorneys' eyes only basis or to the Court under seal upon request.

9.     For purposes of calculating each Authorized Claimant's Recognized Fees and Recognized Investment Loss under the proposed Plan of Allocation, within ten (10) business days of entry of the Preliminary Approval Order, the Settling Defendants, other than Barr Rosenberg, shall provide or cause to be provided to the Claims Administrator (at no cost to the Settlement Fund, Lead Counsel or the Claims Administrator), for each Class Member:  (1) the total amount in U.S. dollars (converted as necessary from any foreign currency using the conversion rate as of January 21, 2011) of investment management fees and/or advisory fees (or subadvisory fees) received by Defendants or their affiliates during the Class Period; and (2) the total amount paid (converted to U.S. dollars as of January 21, 2011), if any, under the plan of

1  allocation adopted by the U.S. Securities and Exchange Commission in the administrative and

2  cease-and-desist proceeding titled *In the Matter of AXA Rosenberg Group LLC, AXA Investment*

3  *Management LLC, and Barr Rosenberg Research Center LLC*, and with respect to Class

4  Members in Non-Independent Funds, the total amount paid (converted to U.S. dollars as of

5  January 21, 2011) in connection with the distribution of compensation resulting from the coding

6  error.

7        10.     No later than thirty-five (35) calendar days prior to the Final Approval Hearing,

8  Lead Counsel shall cause to be filed with the Clerk of this Court affidavits or declarations of the

9  person or person under whose general direction the mailing of the Notice shall have been made,

10  showing that such mailing has been made in accordance with this Order.

11  **HEARING: RIGHT TO BE HEARD**

12        11.     The Court will hold a settlement hearing (the "Final Approval Hearing") on

13  March 30,   , at 9:00 a.m.   , in the United States District Court for the Northern District of
   2012

14  California, San Francisco Division, 450 Golden Gate Avenue, Courtroom 11, 19th Floor, San

15  Francisco, California, 94102 for the following purposes: (i) to determine whether the Settlement

16  should be finally approved as fair, reasonable, adequate and in the best interests of the Class; (ii)

17  to determine whether the Judgment, in the form attached as Exhibit B to the Stipulation, should

18  be entered dismissing and releasing the Settled Claims as against the Released Parties (as those

19  terms are defined in the Stipulation) with prejudice; (iii) to rule upon the Plan of Allocation; (iv)

20  to rule upon Lead Counsel's application for an award of attorneys' fees and reimbursement of

21  Litigation Expenses and Service Awards; and (v) to consider any other matters that may properly

22  be brought before the Court in connection with the Settlement.

23        12.     Papers in support of the Settlement, the Plan of Allocation and Lead Counsel's

24  application for attorneys' fees and reimbursement of Litigation Expenses shall be filed no later

25  than thirty-five (35) calendar days prior to the Final Approval Hearing. Reply papers shall be

26  filed no later than ~~seven (7)~~ **fourteen calendar days** calendar days prior to the Final Approval Hearing.

27        13.     Any member of the Class may appear at the Final Approval Hearing and show

28  cause why the proposed Settlement embodied in the Stipulation should or should not be

approved as fair, reasonable, adequate and in the best interests of the Class, or why the Judgment should or should not be entered thereon, and/or to present opposition to the Plan of Allocation or to the application of Lead Counsel for attorneys' fees and reimbursement of Litigation Expenses and Service Awards. However, no Class Member or any other person shall be heard or entitled to contest the approval of the terms and conditions of the Settlement, or, if approved, the Judgment to be entered thereon approving the same, or the terms of the Plan of Allocation or the application by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses and Service Awards, unless that Class Member or person (i) has served written objections, by hand or first-class mail, including the basis therefor, as well as copies of any papers and/or briefs in support of his, her or its position upon the following counsel for receipt no later than twenty-one (21) calendar days prior to the Final Approval Hearing:

### Lead Counsel for the Class

Bernstein Litowitz Berger
    & Grossmann, LLP
Blair A. Nicholas
12481 High Bluff Drive, Suite 300
San Diego, California 92130

Lieff Cabraser Heimann
    & Bernstein, LLP
Steven E. Fineman
Rachel Geman
250 Hudson St., 8th Floor
New York, New York 10013

### Counsel for Settling Defendants

Mayer Brown LLP
Lee H. Rubin
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, California 94306

Coblentz Patch Duffy & Bass
Jonathan R. Bass
One Ferry Building, Suite 200
San Francisco, California 94111-4213

and (ii) filed said objections, papers and briefs with the Clerk of the United States District Court for the Northern District of California, San Francisco Division. Any objection must include: (a) the full name, address, and phone number of the objecting Class Member; (b) dates and accounts of the objector's investments with Defendants during the Class Period; (c) a written statement of all grounds for the objection accompanied by any legal support for the objections; (d) copies of any papers, briefs or other documents upon which the objection is based; (e) a list of all persons who will be called to testify in support of the objection; (f) a statement of whether the objector

intends to appear at the Final Approval Hearing; (g) a list of other cases in which the objector or the objector's counsel have appeared either as settlement objectors or as counsel for objectors in the preceding five years; and (h) the objector's signature, even if represented by counsel. If the objector intends to appear at the Final Approval Hearing through counsel, the objection must also state the identity of all attorneys who will appear on his, her or its behalf at the Final Approval Hearing. Any Class Member who does not make his, her or its objection in the manner provided for herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the Settlement as reflected in the Stipulation, to the Plan of Allocation or to the application by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses and Service Awards. By objecting to the Settlement, the Plan of Allocation and/or the application by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses and Service Awards, or otherwise requesting to be heard at the Final Approval Hearing, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to the person's or entity's objection or request to be heard and the subject matter of the Settlement, including, but not limited to, enforcement of the terms of the Settlement (including, but not limited to, the release of the Settled Claims against the Released Parties provided for in the Stipulation and the Judgment).

14. If approved, all Class Members will be bound by the proposed Settlement provided for in the Stipulation, and by any judgment or determination of the Court affecting Class Members, regardless of whether or not a Class Member submits a Claim Form.

15. Any member of the Class may enter an appearance in the Action, at his, her or its own expense, individually or through counsel of his, her or its own choice. If they do not enter an appearance, they will be represented by Lead Counsel.

16. The Court reserves the right to (a) adjourn or continue the Final Approval Hearing, or any adjournment or continuance thereof, without further notice to Class Members and (b) approve the Stipulation with modification and without further notice to Class Members. The Court retains jurisdiction of this Action to consider all further applications arising out of or otherwise relating to the proposed Settlement, and as otherwise warranted.

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT,
PROVIDING FOR NOTICE AND SCHEDULING SETTLEMENT HEARING
Case No. CV 11-00536 JSW

6

17.     All Class Members shall be bound by all determinations and judgments in the Action concerning the Settlement, whether favorable or unfavorable to the Class.

**CLAIMS PROCESS**

18.     In order to be entitled to participate in the Settlement, a Class Member must complete and submit a Claim Form in accordance with the instructions contained therein.  To be valid and accepted, Claim Forms submitted in connection with this Settlement must be postmarked no later than one-hundred and twenty (120) days after the Notice Date.

19.     Any Class Member who does not timely submit a valid Claim Form shall not be eligible to share in the Settlement fund, unless otherwise ordered by the Court, but nonetheless shall be barred and enjoined from asserting any of the Settled Claims against any Released Party and shall be bound by any judgment or determination of the Court affecting the Class Members.

**REQUEST FOR EXCLUSION FROM THE CLASS**

20.     Any requests for exclusion must be submitted for receipt no later than twenty-one (21) calendar days prior to the Final Approval Hearing.  Any Class Member who wishes to be excluded from the Class must provide (a) the name, address and telephone number of the person or entity requesting exclusion; and (b) a statement that the person or entity wishes to be excluded from the Class.  The Claims Administrator (or other person designated to receive exclusion requests) shall provide to Lead Counsel and Defendants' Counsel copies of any request for exclusion from the Class within three (3) business days or receipt thereof.  All persons who submit valid and timely requests for exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or any final judgment.

21.     Any member of the Class who does not request exclusion from the Class in the manner stated in this Order shall be deemed to have waived his, her or its right to be excluded from the Class, and shall forever be barred from requesting exclusion from the Class in this or any other proceeding, and shall be bound by the Settlement and the Judgment, including, but not limited to the release of the Settled Claims against the Released Parties provided for in the Stipulation and the Judgment, if the Court approves the Settlement.

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT,
PROVIDING FOR NOTICE AND SCHEDULING SETTLEMENT HEARING
Case No. CV 11-00536 JSW

7

22.     The Released Parties shall have no responsibility of liability whatsoever with respect to the Plan of Allocation or Lead Counsel's application for an award of attorneys' fees and reimbursement of Litigation Expenses and Service Awards.  The Plan of Allocation and Lead Counsel's application for an award of attorneys' fees and reimbursement of Litigation Expenses and Service Awards will be considered separately from the fairness, reasonableness and adequacy of the Settlement.  At or after the Final Approval Hearing, the Court will determine whether Lead Counsel's proposed Plan of Allocation should be approved, and the amount of attorneys' fees and Litigation Expenses to be awarded to Lead Counsel and Service Awards to be awarded to Named Plaintiffs.  Any appeal from any orders relating to the Plan of Allocation or Lead Counsel's application for an award of attorneys' fees and Litigation Expenses or Service Awards, or any reversal or modification thereof, shall not operate to terminate or cancel the Settlement, or affect or delay the finality of the Judgment approving the Stipulation and the settlement of the Action set forth therein.

23.     Only Class Members and Lead Counsel shall have any right to any portion of, or any rights to the distribution of, the Settlement Fund, unless otherwise ordered by the Court or otherwise provided in the Stipulation.

24.     All funds held by the Escrow Agent shall be deemed and considered to be *in custodia legis* and shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed pursuant to the Stipulation and/or further order of the Court.

25.     As set forth in the Stipulation, immediately after payment of the Settlement Fund to the Escrow Agent, and without further order of the Court, Lead Counsel may direct payment from the Escrow Account for the actual costs incurred in connection with providing notice to the Class, locating Class Members, soliciting claims, assisting with the filing of claims, administering and distributing the Settlement Fund to Authorized Claimants, processing Proof of Claim Forms, and paying Taxes, escrow fees and costs, if any.  In the event the Court does not approve the Settlement, or if the Settlement otherwise fails to become effective, neither Named Plaintiffs nor Lead Counsel shall have any obligation to repay any amounts actually and properly incurred or disbursed for such purposes.

---

26. The fact and terms of this Order and the Settlement, all negotiations, discussions, drafts and proceedings in connection with this Order and the Settlement, and any act performed or document signed in connection with this Order and the Settlement, shall not, in this or any other Court, administrative agency, arbitration forum, or other tribunal, constitute an admission of, or evidence of, or be deemed to create any inference of, (i) any acts of wrongdoing or lack of wrongdoing, (ii) any liability on the part of the Settling Defendants to Settling Plaintiffs, the Class or anyone else, (iii) any deficiency of any claim or defense that has been or could have been asserted in this action, (iv) any damages or lack of damages suffered by Settling Plaintiffs, the Class or anyone else, or (v) that the Settlement Fund (or any other amount) represents the amount that could or would have been recovered in this Action if it was not settled at this point in time. The fact and terms of this Order and the Settlement, all negotiations, discussions, drafts and proceedings in connection with this Order and the Settlement, shall not be offered in evidence by Settling Plaintiffs or any other Class Members against any of the Released Parties, or by the Released Parties against the Settling Plaintiffs or any other Class Members or used by Settling Plaintiffs or any other Class Members on the one hand, and the Released Parties on the other, against each other for any other purpose in this or any other proceeding in any court, administrative agency, arbitration forum or other tribunal, except as necessary to enforce the terms of this Order and/or the Settlement, including, but not limited to, the Judgment and the release of the Settled Claims against the Released Parties provided for in the Stipulation and the Judgment.

\\
\\
\\
\\
\\
\\
\\

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT,
PROVIDING FOR NOTICE AND SCHEDULING SETTLEMENT HEARING
Case No. CV 11-00536 JSW

9

1   27. In the event that the Settlement fails to become effective in accordance with its

2 terms, or if the Judgment is not entered or is reversed, vacated or materially modified on appeal

3 this Order shall be null and void, the Stipulation shall be deemed terminated as set forth therein,

4 and the parties shall return to their positions without prejudice in any way, as provided for in the

5 Stipulation.

6

7   IT IS SO ORDERED.

8   DATED: December 6, 2011

9                _____

10       HONORABLE JEFFREY S. WHITE
         UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A-1

1

2

3

4

5

6

7

8

9

10

11                     UNITED STATES DISTRICT COURT

12                   NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re AXA ROSENBERG INVESTOR LITIGATION<br><br>This Document Relates To:  All Actions | Master File No. CV 11-00536 JSW<br><br>CLASS ACTION<br><br>**NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT, FINAL APPROVAL HEARING, AND MOTION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**<br><br>**EXHIBIT A-1** |

*A Federal Court authorized this Notice.*

*This is not a solicitation from a lawyer.*

NOTICE OF PENDENCY OF CLASS ACTION: **Please be advised that your rights may be affected by a class action lawsuit pending in this Court (the "Action") if, during the period from January 1, 2007, through April 15, 2010, inclusive, Defendants AXA Rosenberg Group ("ARG"), AXA Rosenberg Investment Management, LLC ("ARIM"), Barr Rosenberg Research Center LLC ("BRRC" and, collectively with ARG and ARIM, "AXA Rosenberg") and Barr Rosenberg ("Mr. Rosenberg"), or any AXA Rosenberg-affiliated investment adviser (collectively, "Affiliated Advisers"), served as your investment manager, investment adviser, or subadviser, or otherwise were given discretionary authority over your entrusted assets.**

NOTICE OF SETTLEMENT: **Please also be advised that the plaintiffs, the Government of Guam Retirement Fund ("Government of Guam"), the Sacramento County Employees' Retirement System ("Sacramento"), the Board of Trustees of the National Elevator Industry Health Benefit Fund ("NEI Health Benefit Fund"), and the Board of Trustees of the Pipefitters Local 636 Defined Benefit Pension Fund ("Pipefitters Local 636 Benefit Fund") (collectively, "Named Plaintiffs"), on behalf of themselves and the Class (as defined in ¶1 below), and Trustees of the Carpenters Pension Fund of Illinois (collectively, with Named Plaintiffs, "Settling Plaintiffs") have reached a proposed settlement of the Action for a total of $65 million in cash that will resolve all claims in the Action (the "Settlement").**

**This Notice explains important rights you may have, including your possible receipt of cash from the Settlement. Your legal rights will be affected whether or not you act. Please read this Notice carefully and in its entirety!**

1. **Description of the Litigation and Class:** This Notice relates to the pendency and proposed settlement of a class action lawsuit against Defendants arising out of an error in a computer code included in the models used by AXA Rosenberg as part of its quantitative investment management process between 2007 and 2009, and Defendants' response to the error upon discovery. The Settling Plaintiffs, the Class, and Defendants are collectively referred to

as the "Settling Parties." The proposed Settlement, if approved by the Court, will settle certain claims of all persons and entities for which AXA Rosenberg or an Affiliated Adviser provided investment management or advisory services from January 1, 2007 through April 15, 2010, inclusive (the "Class Period") and for which a separate account under the person or entity's name was maintained, or that signed a subscription agreement or similar document to invest during the Class Period in a pooled investment fund that was sponsored by AXA Rosenberg Investment Management LLC, which fund did not have a board or other non-directed independent trustee(s) with independent fiduciary management responsibility ("Non-Independent Funds"). (For the exact definition of the Class, see paragraph 21 below.)

2.    **Statement of Class' Recovery:**  Subject to Court approval and, as described more fully below, Named Plaintiffs, on behalf of the Class, have agreed to settle all claims that were or could have been asserted against Defendants and other Released Parties (as defined in ¶38 below) in the Action in exchange for a settlement payment of $65 million to be deposited into an interest-bearing escrow account (the "Settlement Fund"). The "Net Settlement Fund" (the Settlement Fund less taxes, notice and administration costs, and attorneys' fees and certain litigation expenses awarded to Lead Counsel and any service awards) will be distributed in accordance with a plan of allocation (the "Plan of Allocation") that will be approved by the Court and will determine how the Net Settlement Fund shall be allocated to the members of the Class. The proposed Plan of Allocation is included in this Notice, and may be modified by the Court without further notice. The Settlement Fund consists of $65 million plus interest earned. Your recovery will depend on the amount of fees Defendants or Affiliated Advisers received in connection with your investments with AXA Rosenberg and/or Affiliated Advisers and on the amount, if any, that was paid to you in connection with the distribution of compensation resulting from the coding error as discussed further in Paragraphs 26-34. It will also depend on the number of valid claim forms that members of the Class submit and the amount of such claims.

3.    **Statement of the Parties' Position on Damages:**  Defendants deny all claims of wrongdoing, that they are liable to Settling Plaintiffs and/or the Class or that Settling

1    Plaintiffs or other members of the Class suffered any injury. Moreover, the parties do not

2    agree on the amount of recoverable damages that would be recoverable if Settling Plaintiffs

3    were to prevail on each of their claims. The issues on which the parties disagree include, but

4    are not limited to: (1) whether Defendants are liable for any of the conduct alleged in the

5    Complaint; (2) whether Settling Plaintiffs and/or the Class suffered any uncompensated injury;

6    (3) the amount of any recoverable damages; and (4) the effect of various factors unrelated to

7    Defendants' alleged wrongful conduct on any investment losses incurred by Class Members at

8    various times during the Class Period.

9        4.    **Statement of Attorneys' Fees and Expenses Sought:**  Lead Counsel will

10   apply to the Court for an award of attorneys' fees from the Settlement Fund in an amount not

11   to exceed 20% of the Settlement Fund net of Court-approved litigation expenses, plus interest

12   earned at the same rate and for the same period as earned by the Settlement Fund. In addition,

13   Lead Counsel also will apply for the reimbursement of certain litigation expenses paid or

14   incurred in connection with the prosecution and resolution of the Action in an amount not to

15   exceed $300,000 plus interest earned at the same rate and for the same period as earned by the

16   Settlement Fund. Lead Counsel may also seek approval of service awards for the Settling

17   Plaintiffs in an amount of up to $10,000 per Settling Plaintiff, in connection with their service

18   in this case.

19       5.    **Identification of Attorney Representatives:**  Named Plaintiffs and the Class

20   are being represented by Blair A. Nicholas, Esq. of Bernstein Litowitz Berger & Grossmann

21   LLP, and Steven E. Fineman, Esq. of Lieff Cabraser Heimann & Bernstein, LLP. Trustees of

22   the Carpenters Pension Fund of Illinois is represented by Paul J. Geller, Esq. of Robbins Geller

23   Rudman & Dowd LLP. Any questions regarding the Settlement should be directed to Mr.

24   Nicholas at Bernstein Litowitz Berger & Grossmann LLP, 12481 High Bluff Drive, Suite 300,

25   San Diego, CA 92130-3582, (866) 648-2524, blbg@blbglaw.com, or Mr. Fineman at Lieff

26   Cabraser Heimann & Bernstein, LLP, 250 Hudson Street, 8th Floor, New York, New York

27   20013, (212) 355-9500, sfineman@lchb.com.

28

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **REMAIN A MEMBER OF THE CLASS** | This is the only way to receive a payment. If you wish to obtain a payment as a member of the Class, you will need to file a claim form (the "Claim Form"), which is included with this Notice, postmarked no later than [120 calendar days after Notice Date]. |
| **EXCLUDE YOURSELF FROM THE CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN [21 calendar days prior to final approval hearing].** | Receive no payment. This is the only option that allows you to ever be part of any other lawsuit against any of Defendants or the other Released Parties concerning the Settled Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING WRITTEN OBJECTIONS SO THAT THEY ARE *RECEIVED* NO LATER THAN [21 calendar days prior to final approval hearing].** | Write to the Court and explain why you do not like the Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of expenses. You cannot object to the Settlement unless you are a member of the Class and do not validly exclude yourself. |
| **GO TO THE HEARING ON [DATE], AT [TIME], AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN [21 calendar days prior to final approval hearing].** | Ask to speak in Court about the fairness of the Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of expenses. |
| **DO NOTHING** | Receive no payment, remain a Class Member, give up your rights and be bound by the Final Order and Judgment entered by the Court if it approves the Settlement, including the Release of the Settled Claims. |

| WHAT THIS NOTICE CONTAINS |
|---|

Why Did I Get This Notice?                                                Page __

What Is This Case About?  What Has Happened So Far?                        Page __

How Do I Know If I Am Affected By The Settlement?                          Page __

What Are The Settling Parties' Reasons For The Settlement?                 Page __

What Might Happen If There Were No Settlement?                             Page __

1   How Much Will My Payment Be?     Page __

2   What Rights Am I Giving Up By Agreeing To The Settlement?     Page __

3   What Payment Are The Attorneys For The Class Seeking?     Page __

4   How Will The Lawyers Be Paid?     Page __

5   How Do I Participate In The Settlement?     Page __

6   What Do I Need To Do?     Page __

7   What If I Do Not Want To Be A Part Of The Settlement?     Page __

8   How Do I Exclude Myself?     Page __

9   When And Where Will The Court Decide Whether To Approve?     Page __

10   May I Speak At The Hearing If I Don't Like The Settlement?     Page __

11   Can I See The Court File?     Page __

12   Whom Should I Contact If I Have Questions?     Page __

## WHY DID I GET THIS NOTICE?

6.    This Notice is being sent to you pursuant to an Order of the United States District Court for the Northern District of California (the "Court") because you have been identified as a potential member of the Class. The Court has directed us to send you this Notice because, as a potential Class Member, you have a right to know about your options before the Court rules on the proposed settlement of this case. Additionally, you have the right to understand how a class action lawsuit may generally affect your legal rights. If the Court approves the Settlement, a claims administrator selected by the Named Plaintiffs and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

7.    A class action is a type of lawsuit in which the claims of a number of individuals are resolved together, thus providing the class members with both consistency and efficiency. Once the class is certified, the Court must resolve all issues on behalf of the class members, except for any persons who choose to exclude themselves from the class. (For more information on excluding yourself from the Class, please read "What If I Do Not Want To Be A Part Of The Settlement? How Do I Exclude Myself?" located below.)

8.     The Court in charge of this case is the United States District Court for the Northern District of California, San Francisco Division, and the case is known as *In re AXA Rosenberg Investor Litigation.* The Judge presiding over this case is the Honorable Jeffrey S. White, United States District Judge. The people who are suing are called plaintiffs, and those who are being sued are called defendants. In this case, the four plaintiffs are referred to as the Named Plaintiffs, on behalf of themselves and the Class, and Defendants are ARG, ARIM, BRRC and Mr. Rosenberg.

9.     This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to receive them. The purpose of this Notice is to inform you of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Class if you wish to do so. It also is being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness and adequacy of the proposed Settlement, the fairness and reasonableness of the proposed Plan of Allocation, and the application by Lead Counsel for attorneys' fees and reimbursement of expenses (the "Final Approval Hearing").

10.     The Final Approval Hearing will be held on [DATE], at [TIME], before the Honorable Jeffrey S. White, at the United States District Court for the Northern District of California, San Francisco Division, 450 Golden Gate Avenue, Courtroom 11, 19th Floor, San Francisco, California to determine:

- whether the Court should grant certification of the Class solely for purposes of the Settlement;

- whether the proposed Settlement is fair, reasonable, adequate and in the best interests of the Class and should be approved by the Court;

- whether the Settled Claims (as defined below) against Defendants and the other Released Parties (as defined below) should be dismissed with prejudice and fully and finally released by the Settling Plaintiffs and the Class as set forth in the Stipulation of Settlement entered into by the Settling Parties as of November 1, 2011 (the "Stipulation");

- whether the proposed Plan of Allocation is fair and reasonable and should be approved by the Court; and

- whether Lead Counsel's request for an award of attorneys' fees and reimbursement of certain litigation expenses, and an award of Service Awards on behalf of the Settling Plaintiffs, should be approved by the Court.

11.     This Notice does not express any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement.  If the Court approves the Settlement, payments to Authorized Claimants (defined below) will be made after any appeals are resolved, and after the completion of all claims processing.  Please be patient.  On or before [DATE], Lead Counsel will file a motion for final approval of the Settlement and for approval of the Plan of Allocation, application for attorneys' fees and reimbursement of expenses, and supporting documents.  The papers will be promptly posted on Lead Counsel's respective websites, www.blbglaw.com and www.lchb.com.

## WHAT IS THIS CASE ABOUT?  WHAT HAS HAPPENED SO FAR?

12.     This case concerns an error in a computer code included in the models used by AXA Rosenberg as part of its quantitative investment management process between 2007 and 2009, and Defendants' response to the error upon discovery.  AXA Rosenberg disclosed the error to the U.S. Securities and Exchange Commission ("SEC") in March 2010, and to its clients on April 15, 2010.  On February 3, 2011, the SEC announced that it had charged AXA Rosenberg (ARIM, BRRC, and ARG) with multiple violations of the federal securities laws in an administrative cease-and-desist proceeding arising out of the coding error, which AXA Rosenberg agreed to settle for $242 million consisting of a $25 million fine payable to the government and $217 million payable to certain AXA Rosenberg clients whose accounts were impacted by the error.   Specifically, the SEC's cease-and-desist order explained that ARG had retained a firm to assess the coding error's impact on clients.  The order provided that each ARIM or Affiliated Adviser client that was determined to have suffered an investment loss was eligible to receive payment of a set amount under a plan of allocation for distribution of the $217

1 | million that the SEC approved.  As discussed in paragraphs 26-34 below, this amount, (or with

2 | respect to investors in pooled investment funds sponsored by AXA Rosenberg Investment

3 | Management LLC, which funds did not have a board or other non-directed independent trustee(s)

4 | with independent fiduciary management responsibility, the amount paid in connection with the

5 | distribution of compensation resulting from the coding error) is the "Recognized Investment

6 | Loss" for purposes of the Plan of Allocation in this case.

7 |      13.    On February 3, 2011, plaintiff the Government of Guam filed a class action

8 | complaint for breach of fiduciary duty, negligence/gross negligence, and an accounting against

9 | ARG, ARIM, and BRRC in the United States District Court for the Northern District of

10 | California, Docket No. 11-cv-00536 (the "Guam Complaint" or "Guam Action").

11 |      14.    On February 24, 2011, a class action complaint arising under the Employee

12 | Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA"), was filed against

13 | AXA Rosenberg Group LLC, AXA Rosenberg Investment Management LLC, Barr Rosenberg

14 | Research Center LLC, and Barr Rosenberg in the Court titled *The Board of Trustees of the*

15 | *National Elevator Industry Health Benefit Fund v. AXA Rosenberg Group LLC, et al.,* Case No.

16 | CV11-0897 (N.D. Cal.) (the "NEI Health Benefit Fund Action"). The NEI Health Benefit Fund

17 | Action complaint alleged that the defendants owed fiduciary duties to plaintiff and members of

18 | the putative class and breached those duties in connection with a computer error in AXA

19 | Rosenberg Group LLC quantitative investment models and that defendants are liable to plaintiff

20 | and members of the putative class for all losses resulting from the breach of ERISA duties and

21 | for the return of certain fees.

22 |      15.    By Orders dated March 18, 2011, the Court deemed the NEI Health Benefit Fund

23 | Action as related to the Guam Action, and appointed Bernstein Litowitz Berger & Grossmann

24 | LLP ("Bernstein Litowitz") and Lieff Cabraser Heimann & Bernstein, LLP ("Lieff Cabraser") as

25 | interim co-lead plaintiffs' counsel for the putative class pursuant to Fed. R. Civ. P. 23(g)(3).

26 |      16.    On April 15, 2011, Named Plaintiffs Government of Guam, Sacramento, NEI

27 | Health Benefit Fund, and Pipefitters Local 636 Benefit Fund, on behalf of themselves and a

28 | putative class, filed the Consolidated Complaint ("Complaint") against Defendants, alleging

breach of fiduciary duty, aiding and abetting breach of fiduciary duty, negligence/gross negligence, and an accounting, as well as breach of the duty of prudence, breach of the duty of loyalty, co-fiduciary liability, and prohibited transactions under ERISA.

17.     On May 31, 2011, Trustees of the Carpenters Pension Fund of Illinois filed a complaint titled *Trustees of the Carpenters Pension Fund of Illinois v. AXA Rosenberg Group LLC, et al.,* Case No. CV11-2594 (N.D. Cal.), asserting claims for violations of ERISA on behalf of a purported class (the "Carpenters Action"). By Order dated June 23, 2011, the Court deemed the Carpenters Action as related to the above action. By Order dated June 30, 2011, the Court consolidated the Guam Action, the NEI Health Benefit Fund Action, and the Carpenters Action into Civil Action No. CV 11-0536 for all purposes, including pretrial proceedings and trial, and titled it *In re AXA Rosenberg Investor Litigation,* Master File No. CV 11-00536 JSW (N.D. Cal.) (the "Consolidated Action" or "Action"). The Court appointed Bernstein Litowitz and Lieff Cabraser as interim co-lead plaintiffs' counsel in the Consolidated Action pursuant to Fed. R. Civ. P. 23(g).

18.     On May 31, 2011, Defendants filed motions to dismiss the Complaint pursuant to Fed. R. Civ. P.12(b)(6) and a motion for a more definite statement pursuant to Rule 12(e). Named Plaintiffs filed their opposition to the motions to dismiss on July 15, 2011, and Defendants filed their reply briefs on August 12, 2011. The Court scheduled the hearing on the motions to dismiss for September 16, 2011, and a Case Management Conference for October 14, 2011.

19.     On September 12, 2011, the parties participated in a mediation session before the Hon. Layn R. Phillips (Ret.). On November 1, 2011, the parties executed the Stipulation of Settlement.

20.     On [DATE], 2011, the Court preliminarily approved the Settlement, preliminarily certified the Class, authorized this Notice to be sent to potential members of the Class, and scheduled the Final Approval Hearing to consider whether to grant final approval to the Settlement.

---

NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT                    -9-
Master File No. CV 11-00536 JSW

| HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? |
|---|

21.    If you are a member of the Class, you are subject to the Settlement unless you timely request to be excluded.  The Class consists of all persons and entities (whether consisting of a pooled investment fund or individually managed account) for which AXA Rosenberg Investment Management LLC or an Affiliated Adviser provided investment management or advisory services during the Class Period; and (i) for which a separate account (including sub-accounts) holding cash and/or securities was maintained with a custodian (or administrator or trustee) under that person's or entity's name (other than the pooled investment funds whose investors meet the definition of clause (ii)), or (ii) that signed subscription agreements (or similar documentation) to invest (and were invested) during the Class Period in a pooled investment fund that was sponsored by AXA Rosenberg Investment Management LLC, which fund did not have a board or other non-directed independent trustee(s) with independent fiduciary management responsibility ("Non-Independent Funds").    Excluded from the Class are Defendants and their subsidiaries, parents, affiliates, successors, predecessors, officers and directors, any entity in which any excluded person has a controlling interest, and the legal representatives, spouses, heirs, successors and assigns of any such excluded person, except that funds managed or advised by AXA Rosenberg or affiliates, any portion of which are for the benefit of non-affiliated third parties, are not excluded.  Also excluded from the Class are any persons or entities who exclude themselves by submitting a request for exclusion in accordance with the requirements set forth in this Notice.  (See "What If I Do Not Want To Participate In The Class And The Settlement?  How Do I Exclude Myself?" below.)

**RECEIPT OF THIS NOTICE DOES NOT NECESSARILY MEAN THAT YOU ARE A CLASS MEMBER OR THAT YOU ARE ELIGIBLE TO RECEIVE PROCEEDS FROM THE SETTLEMENT.  IF YOU WISH TO PARTICIPATE IN THE SETTLEMENT, YOU MUST SUBMIT THE ENCLOSED CLAIM FORM POSTMARKED NO LATER THAN [120 days after Notice Date].**

| WHAT ARE THE SETTLING PARTIES' REASONS FOR THE SETTLEMENT? |
|---|

22.     The Settling Plaintiffs and Lead Counsel believe that the claims asserted against Defendants have merit.   The Settling Plaintiffs and Lead Counsel recognize, however, the expense and length of continued proceedings necessary to pursue their claims against Defendants through trial and appeals, as well as the difficulties in establishing liability for allegations of fraud.  The Settling Plaintiffs and Lead Counsel have considered the uncertain outcome and trial and appellate risk in complex lawsuits like this one.

23.     In light of the amount of the Settlement and the immediacy of recovery to the Class, the Settling Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Class.  The Settling Plaintiffs and Lead Counsel believe that the Settlement provides a substantial benefit now, namely $65 million (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a similar, smaller, or no recovery after summary judgment, trial and appeals, possibly years in the future.

24.     Defendants have denied and continue to deny each and all of the claims alleged by the Settling Plaintiffs in the Action.  Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against it arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action.  Defendants also have denied and continue to deny, among other things, the allegations that Settling Plaintiffs or the Class have suffered any compensable damage or that Settling Plaintiffs or the Class were harmed by the conduct alleged in the Complaint.  Defendants also have taken into account the uncertainty and risks inherent in any litigation, especially in a complex case such as this.  Nonetheless, Defendants have concluded that further conduct of the Action would be protracted and expensive, and that it is desirable that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in the Stipulation.  The Settlement shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Defendants with respect to any claim or of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that Defendants have or could have asserted.

1 Defendants expressly deny that Settling Plaintiffs have asserted a valid claim and denies any and

2 all allegations of fault, liability, wrongdoing or damages whatsoever.

| WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT? |
|---|

5     25.    If there were no Settlement and Settling Plaintiffs failed to establish any essential

6 legal or factual element of their claims, neither Settling Plaintiffs nor the Class would recover

7 anything from Defendants in the Action. Also, if Defendants were successful in proving any of

8 their defenses, the Class likely would recover substantially less than the amount provided in the

9 Settlement, or nothing at all.

| HOW MUCH WILL MY PAYMENT BE? |
|---|

**I.    THE PROPOSED PLAN OF**
**ALLOCATION: GENERAL PROVISIONS**

13     26.    As discussed in this Notice, the Named Plaintiffs have recovered $65 million in

14 cash for the benefit of the Class (the "Settlement Amount"). The Settlement Amount and the

15 interest earned thereon is the "Gross Settlement Fund." The Gross Settlement Fund, after

16 deduction of Court-approved attorneys' fees and expenses, and taxes and tax expenses, and any

17 other approved expenses or awards, is the "Net Settlement Fund." The Net Settlement Fund will

18 be distributed to Class Members who are entitled to share in the distribution under the Plan of

19 Allocation, and who submit timely and valid Proofs of Claim ("Authorized Claimants").

20     27.    The purpose of this Plan of Allocation of the Net Settlement Fund ("Plan of

21 Allocation") is to establish a reasonable and equitable method of distributing the Net Settlement

22 Fund among Authorized Claimants. Your share of the Net Settlement Fund will depend on the

23 total number of valid Claim Forms that members of the Class submit to the Claims

24 Administrator, the aggregate amount of those claims relative to the Net Settlement Fund, the

25 amount of fees the Defendants or Affiliated Advisers received in connection with your

26 investments with AXA Rosenberg and/or Affiliated Advisers, and the amount, if any, that was

27 paid to you in connection with the distribution of compensation resulting from the coding error,

28 as discussed further in Paragraphs 26-34. Defendants have denied and continue to deny, among

other things, the characterization that the Settling Plaintiffs or the Class have suffered any damages.

## II. THE PROPOSED PLAN OF ALLOCATION:
### ADDITIONAL PRINCIPLES AND DEFINITIONS

28. The Plan is based on the following principles and additional definitions, among others:

(a) "Recognized Claim" is the amount of a claim under this Plan and is the number used to calculate an Authorized Claimant's Distribution Amount.

(b) "Recognized Fees" is the total amount in U.S. dollars (converted as necessary from any foreign currency using the conversion rate as of January 21, 2011) of investment management fees or advisory fees (including subadvisory fees) received by AXA Rosenberg or its Affiliated Advisors during the Class Period in relation to an Authorized Claimant's assets.

(c) "Recognized Investment Loss" is the amount paid (converted to U.S. dollars as of January 21, 2011) to an Authorized Claimant, if any, under the plan of allocation adopted by the U.S. Securities and Exchange Commission in paragraph 33 of the SEC Order, or, for investors in Non-Independent Funds, the amount paid (converted to U.S. dollars as of January 21, 2011) in connection with the distribution of compensation resulting from the coding error.

(d) The "SEC Order" means the Corrected Order Instituting Administrative and Cease-And-Desist Proceedings, Pursuant to Section 8A of The Securities Act of 1933, Section 9(b) of The Investment Company Act of 1940, and Sections 203(e), 203(f), and 203(k) of The Investment Advisers Act of 1940, Making Findings, And Imposing Remedial Sanctions And A Cease-And-Desist Order, dated February 3, 2011, issued by the U.S. Securities and Exchange Commission in the proceeding titled *In the Matter of AXA Rosenberg Group LLC, AXA Investment Management LLC, and Barr Rosenberg Research Center LLC.*

## III. THE PROPOSED PLAN OF ALLOCATION: ALLOCATION
### OF THE SETTLEMENT FUND BETWEEN LOSSES AND FEES

29. The Plan of Allocation, subject to Court approval or modification without further notice, is as follows:  The Plan of Allocation provides for the allocation of the Net Settlement Fund among the Authorized Claimants on a *pro rata* basis based on their respective "Recognized Investment Loss" and "Recognized Fees."  For this purpose, one-half (50%) of the Net Settlement Fund will be allocated for payment of aggregate Recognized Investment Loss (the

"Investment Loss Fund"), and one-half (50%) of the Net Settlement Fund will be allocated for payment of aggregate Recognized Fees (the "Fee Fund"). An Authorized Claimant's Recognized Investment Loss and Recognized Fees are calculated based on AXA Rosenberg's and its affiliates' books and records.

## IV.    **DISTRIBUTION OF THE NET SETTLEMENT FUND**

30.    The Claims Administrator will determine each Authorized Claimant's share of the Net Settlement Fund. In general, each Authorized Claimant will receive an amount (the "Distribution Amount") determined by:

        (a)    multiplying the Investment Loss Fund by a fraction, the numerator of which is the Authorized Claimant's Recognized Investment Loss and the denominator of which is the aggregate Recognized Investment Loss of all Authorized Claimants;

        (b)    multiplying the Fee Fund by a fraction, the numerator of which is the Authorized Claimant's Recognized Fees and the denominator of which is the aggregate Recognized Fees of all Authorized Claimants; and then

        (c)    adding these two amounts (a + b) together.

31.    Payment pursuant to the Plan of Allocation shall be conclusive against all Authorized Claimants. No person shall have any claim against Plaintiffs' Counsel, the Settling Plaintiffs, the Claims Administrator, Defendants and their Related Parties (defined below), or any person designated by Lead Counsel based on distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further order(s) of the Court. All members of the Class who fail to timely submit a Claim Form within such period, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Settlement, but will in all other respects be subject to and bound by the terms of the Settlement, including the release of the Settled Claims.

32.    The Court has reserved jurisdiction to modify, amend or alter the Plan of Allocation without further notice to anyone, and to allow, disallow or adjust on equitable

1    grounds any Authorized Claimant's claim to ensure a fair and equitable distribution of settlement

2    funds.

3        33.    Distributions will be made to Authorized Claimants whose claims entitle them to

4    a payment of no less than $10.00 after all claims have been processed and after the Court has

5    finally approved the Settlement. If there is any balance remaining in the Net Settlement Fund

6    (whether by reason of unclaimed funds, tax refunds, uncashed checks, or otherwise), at a date

7    one hundred eighty (180) days from the later of (a) the date on which the Court enters an order

8    directing the Net Settlement Fund to be distributed to Authorized Claimants, or (b) the date the

9    Settlement is final and becomes fully effective, then Lead Counsel shall, upon approval of the

10    Court, distribute such balance among the Authorized Claimants as many times as is necessary, in

11    a manner consistent with this Plan of Allocation, until each Authorized Claimant has received its

12    Recognized Claim (but no greater than its Recognized Claim) as defined in this Plan. If Lead

13    Counsel determines that it is not cost-effective to conduct such further distribution, or following

14    such further distribution any balance still remains in the Net Settlement Fund, Lead Counsel

15    shall, with the consent of the Settling Plaintiffs and upon approval of the Court, and without

16    further notice to the Class, cause the remaining balance to be donated to a non-profit charitable

17    organization selected by Settling Plaintiffs and approved by the Court.

18        34.    The Plan of Allocation set forth herein is the plan that is being proposed by the

19    Settling Plaintiffs and Lead Counsel to the Court for approval. The Court may approve this plan

20    as proposed or it may modify it without further notice to the Class.

21

22      | WHAT RIGHTS AM I GIVING UP BY AGREEING TO THE SETTLEMENT? |

23        35.    If the Settlement is approved, the Court will enter a judgment (the "Judgment").

24    The Judgment will dismiss with prejudice the claims asserted against Defendants in the Action

25    and will provide that the Settling Plaintiffs and all other members of the Class shall be deemed to

26    have – and by operation of the Judgment shall have – fully and finally released, relinquished,

27    waived, discharged and dismissed each and every Settled Claim (as defined in ¶37 below),

28    including Unknown claims (as defined in ¶36 below), against the Released Parties (as defined in

¶38 below), and shall forever be enjoined from prosecuting any or all Settled Claims against any Released Party.

36.     "Unknown" claims means any and all Settled Claims that any Settling Plaintiff and/or Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties, and any Released Parties' Claims that the Settling Defendants, their agents or attorneys, or their current or former officers, directors or employees does not know or suspect to exist in his, her or its favor, which if known by him, her or it might have affected his, her or its settlement with and release of the Released Parties (or Settling Plaintiffs and Class Members, as appropriate), or might have affected his, her or its decision not to object to this Settlement or not exclude himself, herself or itself from the Class.  With respect to any and all Settled Claims and Released Parties' Claims, the parties stipulate and agree that, upon the Effective Date, Settling Plaintiffs and the Settling Defendants, their agents or attorneys, and their current or former officers, directors or employees shall expressly waive, and each Class Member shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by Cal. Civ. Code § 1542, and any law of any state or territory of the United States, or principle of common law, or the law of any foreign jurisdiction, that is similar, comparable or equivalent to Cal. Civ. Code § 1542, which provides:

> **A general release does not extend to claims, which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Settling Plaintiffs and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Settled Claims, but each Settling Plaintiff shall expressly – and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have – fully, finally and forever settled and released any and all Settled Claims.  Settling Plaintiffs and the Settling Defendants acknowledge, and Class Members by law and operation of the Judgment shall be deemed to have acknowledged, that the inclusion of "Unknown" claims in

the definition of Settled Claims and Released Parties' Claims was separately bargained for and was a material element of the Settlement.

37.     "Settled Claims" means any and all claims and causes of action of every nature and description, whether known or Unknown, whether arising under federal, state, common or foreign law, that the Settling Plaintiffs or any other member of the Class (a) asserted in the Complaint, or (b) could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint.

38.     "Released Parties" means each of the Defendants, and their current and former respective parents, subsidiaries, affiliates, employees, and agents, and, in addition, as to Barr Rosenberg, his spouse June Rosenberg, his children, Rosenberg Alpha L.P., the Barr and June Rosenberg Revocable Trust (along with Barr Rosenberg and June Rosenberg as trustees thereof), and the Barr and June Rosenberg Foundation.

39.     The Judgment also will provide that Defendants, on behalf of themselves, their heirs, executors, administrators, predecessors, successors and assigns shall be deemed by operation of law to have fully, finally, and forever released, waived, discharged and dismissed each and every of the Released Parties' Claims (as defined in ¶40 below), and shall forever be enjoined from prosecuting any or all of the Released Parties' Claims, against the Settling Plaintiffs, their officers, directors, employees, agents and attorneys, and all other Class Members.

40.     "Released Parties' Claims" means any and all claims and causes of action of every nature and description, whether known or Unknown, whether arising under federal, state, common or foreign law, against Settling Plaintiffs, their respective attorneys, or any of the Class Members, that arise out of or relate in any way to the institution, prosecution, or settlement of the Settled Claims against the Settling Defendants (except for claims relating to the enforcement of the Settlement).

---

NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT            -17-
Master File No. CV 11-00536 JSW

| WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASS SEEKING? HOW WILL THE LAWYERS BE PAID? |
| --- |

41.    Lead Counsel have not received any payment for theirs services in pursuing claims against Defendants on behalf of the Class, nor have Lead Counsel been reimbursed for their out-of-pocket expenses.  Before final approval of the Settlement, Lead Counsel intend to apply to the Court for an award of attorneys' fees from the Settlement Fund in an amount not to exceed 20% of the Settlement Fund net of Court-approved litigation expenses, plus interest at the same rate and for the same time period as earned by the Settlement Fund.  At the same time, Lead Counsel also intend to apply for the reimbursement of certain litigation expenses that Plaintiffs' Counsel incurred in investigating and prosecuting the case in an amount not to exceed $300,000 plus interest at the same rate and for the same time period as earned by the Settlement Fund.  Lead Counsel may also seek approval of service awards for the Settling Plaintiffs, in an amount not to exceed $10,000 per Settling Plaintiff, in connection with their service in this case. The sums approved by the Court will be paid from the Settlement Fund.  Members of the Class are not personally liable for the payment of these sums.

| HOW DO I PARTICIPATE IN THE SETTLEMENT? WHAT DO I NEED TO DO? |
| --- |

42.    If you are a member of the Class (as defined in paragraph 21 above), then you will be bound by the proposed Settlement if the Court approves it, and by any judgment or determination of the Court affecting the Class.  If you are a member of the Class, you must submit a Claim Form and supporting documentation to establish your entitlement to share in the Settlement.  A Claim Form is included with this Notice.  You may also request a Claim Form by calling toll-free (877) 264-9628.  Those who exclude themselves from the Class, and those who do not submit timely and valid Claim Forms with adequate supporting documentation, will not be eligible to share in the Settlement.  Please retain all records of your investments with Defendants as they may be needed to document your claim.

43. As a Class Member, you are represented by the Settling Plaintiffs and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her notice of appearance on the attorneys listed in the section entitled, "When and Where Will the Court Decide Whether to Approve the Settlement?," below.

44. If you do not wish to remain a Class Member, you may exclude yourself from the Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Part Of The Class And The Settlement? How Do I Exclude Myself?" below.

45. If you wish to object to the Settlement or any of its terms, the proposed Plan of Allocation, or Lead Counsel's application for attorneys' fees and reimbursement of litigation expenses, and if you do not exclude yourself from the Class, you may present your objections by following the instructions in the section entitled, "When and Where Will the Court Decide Whether to Approve the Settlement?" below.

---

### WHAT IF I DO NOT WANT TO BE A PART OF THE SETTLEMENT? HOW DO I EXCLUDE MYSELF?

---

46. Each Class Member will be bound by all determinations and judgments in this lawsuit, including those concerning the Settlement, whether favorable or unfavorable, unless such person or entity mails, by first-class mail (or its equivalent outside the United States), or otherwise delivers a written Request for Exclusion from the Class, addressed to AXA Rosenberg Investor Litigation, P.O. Box 3518, Portland, OR 97208-3518. The exclusion request must be *received* no later than [21 calendar days prior to final approval hearing]. You will not be able to exclude yourself from the Class after that date. Each Request for Exclusion must (i) state the name and address of the person or entity requesting exclusion; (ii) state that such person or entity requests exclusion from the Class in *In re AXA Rosenberg Investor Litigation*, Master File No. CV 11-00536 JSW; (iii) be signed by the person or entity requesting exclusion; and (iv) provide a telephone number for that person or entity. Requests for Exclusion will not be valid if they are

---

NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT
Master File No. CV 11-00536 JSW

1  not received within the time stated above, unless the Court otherwise determines. Keep a copy

2  of everything you mail, in case something is lost during shipping or processing.

3        47.    If you do not want to be part of the Class, you must follow these instructions for

4  exclusion even if you have pending, or later file, another lawsuit, arbitration or other proceeding

5  concerning any of the Settled Claims.

6        48.    If a person or entity requests to be excluded from the Class, that person or entity

7  will not receive any benefit provided for in the Settlement.

8        49.    If a certain number of Class members choose to exclude themselves from the

9  Class, as set forth in a separate supplemental agreement between the Named Plaintiffs and AXA

10  Rosenberg (the "Supplemental Agreement"), AXA Rosenberg shall have, in its sole and absolute

11  discretion, the option to terminate the Settlement in accordance with the procedures set forth in

12  the Supplemental Agreement.

---

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?
DO I HAVE TO COME TO THE HEARING?
MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

---

17        50.    If you do not wish to object in person to the proposed Settlement, the proposed

18  Plan of Allocation, and/or the application for attorneys' fees and reimbursement of litigation

19  expenses, you do not need to attend the Final Approval Hearing. You can object to or participate

20  in the Settlement without attending the Final Approval Hearing.

21        51.    The Final Approval Hearing will be held on [DATE], at [TIME] before the

22  Honorable Jeffrey S. White, at the United States District Court for the Northern District of

23  California, San Francisco Division, 450 Golden Gate Avenue, Courtroom 11, 19th Floor, San

24  Francisco, California. The Court reserves the right to approve the Settlement, the Plan of

25  Allocation or the request for attorneys' fees and reimbursement of litigation expenses at or after

26  the Final Approval Hearing without further notice to the members of the Class.

27        52.    Any member of the Class who does not request exclusion from the Class in the

28  manner set forth in ¶46 may object to the Settlement, the Plan of Allocation, or Lead Counsel's

---

NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT      -20-
Master File No. CV 11-00536 JSW

request for an award of attorneys' fees and reimbursement of litigation expenses.  Objections or

oppositions must be in writing.  You must file any written objection or opposition, together with

copies of all other papers and briefs, with the Clerk's Office at the United States District Court

for the Northern District of California, San Francisco Division, at the address set forth below on

or before [21 calendar days before final approval hearing].  You must also serve the papers on

Lead Counsel for the Class and counsel for Defendants at the addresses set forth below so that

the papers are *received* on or before [21 calendar days before final approval hearing].

| **Clerk's Office** | **Lead Counsel for the Class** |
|---|---|
| UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION Clerk of the Court 450 Golden Gate Avenue San Francisco, California 94102 | BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP Blair A. Nicholas 12481 High Bluff Drive, Suite 300 San Diego, California 92130-3582 |
| | LIEFF CABRASER HEIMANN & BERNSTEIN LLP Steven E. Fineman 250 Hudson Street, 8th Floor New York, NY 10013-1413 |
| **Counsel for Defendants** | |
| MAYER BROWN LLP Lee H. Rubin Two Palo Alto Square, Suite 300 Palo, Alto, CA 94306-2112 | |
| COBLENTZ PATCH DUFFY & BASS, LLP Jonathan R. Bass One Ferry Building, Suite 200 San Francisco, CA 94111-4213 | |

53.     The filing must demonstrate your membership in the Class, including the dates

and accounts of your investments with any Defendant.  You may not object to the Settlement or

any aspect of it if you are not a member of the Class or if you excluded yourself from the Class.

54.     You may file a written objection without having to appear at the Final Approval

Hearing.  Any objection must include:  (a) your full name, address and phone number; (b) the

dates and accounts of your investments with Defendants during the Class Period; (c) a written

statement of all grounds for the objection accompanied by any legal support for the objection; (d)

1  copies of any papers, briefs or other documents upon which the objection is based; (e) a list of all

2  persons who will be called to testify in support of the objection; (f) a statement of whether you

3  intend to appear at the Final Approval Hearing; (g) a list of other cases in which you or your

4  counsel have appeared either as settlement objectors or as counsel for objectors in the preceding

5  five years; and (h) your signature, even if represented by counsel.  If you intend to appear at the

6  Final Approval Hearing through counsel, the objection must also state the identity of all

7  attorneys who will appear on your behalf at the Final Approval Hearing.  Any member of the

8  Class who does not make his, her or its objection in the manner provided for herein shall be

9  deemed to have waived such objection and shall forever be foreclosed from making any

10  objection to the fairness or adequacy of the Settlement as reflected in the Stipulation, to the Plan

11  of Allocation or to the application by Lead Counsel for an award of attorneys' fees and

12  reimbursement of litigation expenses.  You may not appear at the Final Approval Hearing to

13  present your objection, however, unless you first filed and served a written objection in

14  accordance with the procedures described above, unless the Court orders otherwise.

15       55.    If you wish to be heard orally at the hearing in opposition to the approval of the

16  Settlement, the Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and

17  reimbursement of litigation expenses, and if you have filed and served a timely written objection

18  as described above, you also must notify the above counsel on or before [21 calendar days before

19  final approval hearing] concerning your intention to appear.  Persons who intend to object and

20  desire to present evidence at the Final Approval Hearing must include in their written objections

21  the identity of any witnesses they may call to testify and exhibits they intend to introduce into

22  evidence at the hearing.

23       56.    If you object to the Settlement, the Plan of Allocation and/or Lead Counsel's

24  request for an award of attorneys' fees and reimbursement of litigation expenses, or otherwise

25  request to be heard at the Final Approval Hearing in the manner stated above, you are submitting

26  to the jurisdiction of the Court with respect to the subject matter of the Settlement, including, but

27  not limited to, the Release of the Settled Claims contained in the Final Order and Judgment.  If

28  the Court overrules your objection and approves the Settlement or the part of the Settlement to

---

NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT
Master File No. CV 11-00536 JSW

which you have objected, you only will share in the Settlement Fund if you file a Claim Form in the manner stated in ¶42 above and the Claims Administrator approves your claim.

57.     You are not required to hire an attorney to represent you in making written objections or in appearing at the Final Approval Hearing.  If you decide to hire an attorney, which will be at your own expense, however, he or she must file a notice of appearance with the Court and serve it on Lead Counsel so that the notice is received on or before [21 calendar days prior to final approval hearing].

58.     The Final Approval Hearing may be adjourned by the Court without further written notice to the Class.  If you intend to attend the Final Approval Hearing, you should confirm the date and time with Lead Counsel.

**UNLESS THE COURT ORDERS OTHERWISE, ANY CLASS MEMBER WHO DOES NOT OBJECT IN THE MANNER DESCRIBED ABOVE WILL BE DEEMED TO HAVE WAIVED ANY OBJECTION AND SHALL BE FOREVER FORECLOSED FROM MAKING ANY OBJECTION TO THE PROPOSED SETTLEMENT, THE PROPOSED PLAN OF ALLOCATION, OR LEAD COUNSEL'S REQUEST FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES.  CLASS MEMBERS DO NOT NEED TO APPEAR AT THE HEARING OR TAKE ANY OTHER ACTION TO INDICATE THEIR APPROVAL.**

| CAN I SEE THE COURT FILE? |
| :---: |
| WHOM SHOULD I CONTACT IF I HAVE QUESTIONS? |

59.     This Notice contains only a summary of the terms of the proposed Settlement. More detailed information about the matters involved in the Action is available at www.blbglaw.com or www.lchb.com, including, among other documents, copies of the Stipulation, the Claim Form and the Complaint.

60.     All inquiries concerning this Notice or the Claim Form should be directed to:

AXA Rosenberg Investor Litigation

P.O. Box 3518
Portland, OR 97208-3518
(877) 264-9628

Blair A. Nicholas, Esq.
BERNSTEIN LITOWITZ BERGER
& GROSSMANN LLP
12481 High Bluff Drive, Suite 300
San Diego, California 92130-3582
(866) 648-2524
blbg@blbglaw.com

**Claims Administrator**

Steven E. Fineman, Esq.
LIEFF CABRASER HEIMAN
& BERNSTEIN
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Tel: (212) 355-9500
Fax: (212) 355-9592
sfineman@lchb.com

**Co-Lead Plaintiffs' Counsel**

### DO NOT CALL OR WRITE THE COURT OR THE OFFICE OF THE CLERK OF COURT REGARDING THIS NOTICE.

Dated: _____

By Order of the Clerk of Court
United States District Court
for the Northern District of California

# EXHIBIT A-2

## PROOF OF CLAIM AND RELEASE

*In re AXA Rosenberg Investor Litigation*, **Master File No. CV 11-00536 JSW (N.D. Cal.)**

**IMPORTANT:** Your Proof of Claim **MUST** be signed and returned **POSTMARKED** by _____. Enclosed is a self-addressed envelope for returning the Proof of Claim.

## I.  INSTRUCTIONS

1.      It is important to read and follow these instructions carefully, as well as those contained on the Explanation of Claims Procedure enclosed with this Proof of Claim. Failure to follow these instructions may result in your losing benefits to which you might otherwise be entitled.

2.      If you do not return this Proof of Claim postmarked by _____, your claim will be rejected and you will lose all rights to receive any money from this settlement. You must mail the Proof of Claim to

       AXA Rosenberg Investor Litigation
       P.O. Box 3518
       Portland, OR 97208-3518
       (877) 264-9628

3.      You may recover money under this settlement even if you have already received payment directly from AXA Rosenberg as part of its settlement with the Securities and Exchange Commission ("SEC").

4.      You must complete Proof of Claim Sections II, III, and V.

5.      You must sign and date the Proof of Claim.

6.      You may use an additional page or pages of paper to answer these questions, if necessary.

## II.  PERSONAL INFORMATION

_____
Name (First, Middle, Last; or entity legal name)

_____
Street Address

_____       _____
City                                                    State              Zip Code

_____
Social Security Number or Tax Identification Number

_____
Primary Telephone Number (with Area Code)

_____
Alternate Telephone Number (with Area Code)

_____

_____

E-mail Address

## III.    **INVESTMENT INFORMATION**

(A) _Separately-Managed Accounts._ Identify the name and date range for each of your accounts that were separately-managed or advised by AXA Rosenberg or its Affiliated Advisers during the Class Period (_i.e.,_ the period from January 1, 2007 to April 15, 2010).

_____          _____
Name of Separately-Managed Account        Date Range of Investment

_____          _____
Name of Separately-Managed Account        Date Range of Investment

(B) _Private AXA Rosenberg Funds._ Identify the name and date range for each of your investments in private funds that were managed or advised by AXA Rosenberg or its Affiliated Advisers during the Class Period (_i.e.,_ the period from January 1, 2007 to April 15, 2010).

_____          _____
Name of Private AXA Rosenberg Fund        Date Range of Investment

_____          _____
Name of Private AXA Rosenberg Fund        Date Range of Investment

_____          _____
Name of Private AXA Rosenberg Fund        Date Range of Investment

## IV.    **CLASS MEMBERSHIP**

I, or the entity on which this Proof of Claim Form is submitted, is a member of the Class, defined as follows:

"Class" means all persons and entities (whether consisting of a pooled investment fund or individually managed account) for which AXA Rosenberg Investment Management LLC or an Affiliated Adviser provided investment management or advisory services during the Class Period; and (i) for which a separate account (including sub-accounts) holding cash and/or securities was maintained with a custodian (or administrator or trustee) under that person's or entity's name (other than the pooled investment funds whose investors meet the definition of clause (ii)), or (ii) that signed subscription agreements (or similar documentation) to invest (and were invested) during the Class Period in a pooled investment fund that was sponsored by AXA

Rosenberg Investment Management LLC, which fund did not have a board or other non-directed independent trustee(s) with independent fiduciary management responsibility ("Non-Independent Funds"). Excluded from the Class are Defendants and their subsidiaries, parents, affiliates, successors, predecessors, officers and directors, any entity in which any excluded person has a controlling interest, and the legal representatives, spouses, heirs, successors and assigns of any such excluded person, except that funds managed or advised by AXA Rosenberg or affiliates, any portion of which are for the benefit of non-affiliated third parties, are not excluded. Also excluded from the Class are any persons or entities who exclude themselves by filing a request for exclusion in accordance with the requirements set forth in the Notice.

## V: RELEASE OF CLAIMS AND SIGNATURE

### Definitions

"Affiliated Advisers" means the following AXA Rosenberg-affiliated investment advisors, including their predecessors or successors: AXA Rosenberg Investment Management Limited (UK), AXA Rosenberg Investment Management Asia Pacific Limited (Singapore), AXA Rosenberg Investment Management Asia Pacific Limited (Hong Kong), AXA Rosenberg Investment Management Limited (Japan).

"AXA Rosenberg" means AXA Rosenberg Group LLC, AXA Rosenberg Investment Management LLC, and Barr Rosenberg Research Center LLC

"Defendants" means AXA Rosenberg Group LLC, AXA Rosenberg Investment Management LLC, Barr Rosenberg Research Center LLC and Barr Rosenberg.

"Settled Claims" means any and all claims and causes of action of every nature and description, whether known or Unknown, whether arising under federal, state, common or foreign law, that the Settling Plaintiffs or any other member of the Class (a) asserted in the Complaint, or (b) could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint.

"Released Parties" means AXA Rosenberg Group LLC, AXA Rosenberg Investment Management LLC, Barr Rosenberg Research Center LLC and Barr Rosenberg, and their respective current and former parents, subsidiaries, affiliates, employees, and agents, and, in addition, as to Barr Rosenberg, his spouse June Rosenberg, his children, Rosenberg Alpha L.P., the Barr and June Rosenberg Revocable Trust (along with Barr Rosenberg and June Rosenberg as trustees thereof), and the Barr and June Rosenberg Foundation.

## SIGNATURE AND CERTIFICATIONS

By signing and submitting this Proof of Claim and Release, the Claimant certifies, as follows:

1.  I submit this Proof of Claim and Release under the terms of the Stipulation of Settlement described in the Notice. I also submit to the jurisdiction of the United States District Court for the Northern District of California, with respect to my claim as a Class Member and for purposes of enforcing the release set forth herein. I further acknowledge that I am bound by and subject to the terms of any judgment that may be entered in the Action. I agree to furnish additional information to the Claims Administrator to support this claim if requested to do so. I have not submitted any other claim covering the same issues addressed herein and know of no other person having done so on my behalf.

PROOF OF CLAIM AND RELEASE

2.      I hereby fully, finally and forever release, relinquish, waive, discharge and dismiss each and every Settled Claim against the Released Parties.

3.      That the Claimant is a Class Member, as defined herein and in the Notice;

4.      That I have not filed a request for exclusion from the Class and that I do not know of any request for exclusion from the Class filed on my behalf in this case;

5.      That I agree to furnish such additional information with respect to this Proof of Claim as the parties, the Claims Administrator or the Court may require;

6.      That I waive trial by jury, to the extent it exists, and agree to the Court's summary disposition of the determination of the validity or amount of the claim made by this Proof of Claim; and

7.      That I certify that I am not subject to backup withholding under the provisions of Section 3406(a)(1)(c) of the Internal Revenue Code.

**NOTE**: If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike the language that you are not subject to backup withholding in the certification above. The Internal Revenue Service does not require your consent to any provision other than the certification required to avoid backup withholding.

I declare that the statements made and answers given in this Proof of Claim are true and correct to the best of my personal knowledge.

_____          _____
Signature of Claimant                                                              Date

_____
Print Name of Claimant

_____          _____
Print Name of Person Completing Form (if other than Claimant)          Date

_____
Capacity of Person Signing if other than Claimant (Executor, Trustee, etc.)

**REMINDER CHECKLIST**

Please sign the Certification Section of the Proof of Claim and Release form.

Keep a copy of your Proof of Claim and Release form submitted for your records.

The Claims Administrator will acknowledge receipt of your Proof of Claim and Release by mail, within 30 days.  If you do not receive an acknowledgment postcard within 30 days, please call the Claims Administrator toll free at  (877) 264-9628.

If you move, please send your new address to:

**AXA Rosenberg Investor Litigation**
**P.O. Box 3518**
**Portland, OR 97208-3518**
**(877) 264-9628**

**Do not use highlighter on the Proof of Claim and Release.**

**THIS PROOF OF CLAIM MUST BE POSTMARKED NO LATER THAN _____, 2012, AND MUST BE MAILED TO:**

**AXA Rosenberg Investor Litigation**
**P.O. Box 3518**
**Portland, OR 97208-3518**
**(877) 264-9628**

**A self-addressed envelope has been enclosed for returning the Proof of Claim and Release.**

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.**
**THANK YOU FOR YOUR PATIENCE**