1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| In re AXA ROSENBERG INVESTOR LITIGATION<br><br>This Document Relates To: All Actions | CASE NO. CV 11-00536 JSW<br><br>[PROPOSED] **FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE** |
|---|---|

1 WHEREAS: (i) defendants AXA Rosenberg Group LLC, AXA Rosenberg Investment Management LLC, Barr Rosenberg Research Center LLC and Barr Rosenberg (the "Settling Defendants"); (ii) plaintiffs Government of Guam Retirement Fund, Sacramento County Employees' Retirement System, Trustees of the Pipefitters Local 636 Defined Benefit Plan, Trustees of the National Elevator Industries Health Benefit Fund ("Named Plaintiffs"), and Trustees of the Carpenters Pension Fund of Illinois (collectively, with Named Plaintiffs, the "Settling Plaintiffs"); and (iii) the Class, have determined to settle the above-captioned consolidated class action (the "Action") on the terms set forth in the Stipulation of Settlement dated as of November 1, 2011 (the "Stipulation");

WHEREAS the Court is familiar with and has reviewed the record in the Action and has reviewed the Stipulation and the settlement provided for by the Stipulation (the "Settlement"), and has considered all submissions to the Court and presentations at a hearing held on ___March 30___, 2012 (the "Settlement Hearing") following notice of the Settlement and the settlement hearing given in accordance with this Court's Order preliminarily approving the Settlement (the "Preliminary Approval Order"); and

WHEREAS the Court has found good cause for entering the following Order, Judgment and Decree (the "Final Judgment"),

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. This Final Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used, but not defined herein, shall have the same meanings as in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all members of the Class.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby certifies the Action as a class action for settlement purposes only. The Class consists of all persons and entities (whether consisting of a pooled investment fund or individually managed account) for which AXA Rosenberg Investment Management LLC or an Affiliated Adviser provided investment management or advisory services during the Class Period; and (i) for which a separate account (including sub-accounts) holding cash and/or securities was maintained with a custodian (or administrator or trustee) under that person's or entity's name (other than the pooled investment funds whose investors meet the definition of

1  clause (ii)), or (ii) that signed subscription agreements (or similar documentation) to invest (and were invested) during the Class Period in a pooled investment fund that was sponsored by AXA Rosenberg Investment Management LLC, which fund did not have a board or other non-directed independent trustee(s) with independent fiduciary management responsibility ("Non-Independent Funds"). Excluded from the Class are Defendants and their subsidiaries, parents, affiliates, successors, predecessors, officers and directors, any entity in which any excluded person has a controlling interest, and the legal representatives, spouses, heirs, successors and assigns of any such excluded person, except that funds managed or advised by AXA Rosenberg or affiliates, any portion of which are for the benefit of non-affiliated third parties, are not excluded. Also excluded from the Class are any persons or entities who exclude themselves by filing a request for exclusion in accordance with the requirements set forth in the Notice, a list of which is attached hereto as Exhibit 1.

4. With respect to the Class, this Court finds, solely for the purposes of the Settlement, that:

(a) the members of the Class are so numerous that joinder of all Class Members in the Action is impracticable;

(b) there are questions of law and fact common to the Class;

(c) the claims by Named Plaintiffs are typical of the claims of the Class;

(d) Named Plaintiffs and Lead Counsel have and will fairly and adequately represent and protect the interests of the Class Members;

(e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members; and

(f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Class Members in individually controlling the prosecution of separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Class Members; and (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Stipulation and finds that the Settlement is, in all respects, fair, reasonable and adequate to Named Plaintiffs, the Class and each of the Class Members. The Court further finds

that the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Settling Parties and is in the best interests of the Class.  The Court further finds that the record is sufficiently developed and complete to have enabled the Settling Parties to have adequately evaluated and considered their respective positions.  Accordingly, the Settlement embodied in the Stipulation is hereby finally approved in all respects.  The Settling Parties are hereby directed to perform its terms.

6. The Action and all claims contained therein are dismissed with prejudice as against Defendants.  All parties are to bear their own costs, except as otherwise provided in the Stipulation.

7. Pursuant to this Final Judgment, upon the Effective Date, Settling Plaintiffs and each of the Class Members (except those persons or entities who have validly and timely requested exclusion from the Class (identified as Exhibit 1 hereto)) shall be deemed by operation of law to have fully, finally and forever released, relinquished, waived, discharged and dismissed each and every Settled Claim against the Released Parties, and shall forever be enjoined from prosecuting any or all Settled Claims, against any Released Party.

8. Pursuant to this Final Judgment, upon the Effective Date, the Settling Defendants shall be deemed by operation of law to have fully, finally and forever released, relinquished, waived, discharged and dismissed each and every of the Released Parties' Claims, and shall forever be enjoined from prosecuting any or all of the Released Parties' Claims.

9. The distribution of the Notice as provided for in the Preliminary Approval Order constituted the best notice reasonably practicable under the circumstances, including individual notice to all Class Members who could be identified through reasonable effort.  Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all persons entitled to such notice, and said notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Constitution of the United States, and any other applicable law.

10. Any plan of allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and/or expense application or Service Awards shall in no way disturb or affect this Final Judgment and shall be considered separate from this Final Judgment.

11. The fact and terms of this Final Judgment and the Settlement, all negotiations, discussions, drafts and proceedings in connection with this Final Judgment and the Settlement, and any act performed or document signed in connection with this Final Judgment and the Settlement, shall not, in this or any other court, administrative agency, arbitration forum or other tribunal, be:

    a. offered or received against any of the Released Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Released Parties with respect to the truth of any fact alleged by Settling Plaintiffs or the validity of any claim that was or could have been asserted against any of the Released Parties in this Action or in any litigation, or of any liability, negligence, fault or other wrongdoing of any kind of any of the Released Parties to Settling Plaintiffs, the Class or anyone else;

    b. offered or received against any of the Released Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any of the Released Parties, or against the Released Parties, Settling Plaintiffs or any Class Member(s) as evidence of any infirmity in the claims or defenses that have been or could have been asserted in the Action;

    c. offered by Settling Plaintiffs or any other Class Member(s) against any of the Released Parties, or by the Released Parties against Settling Plaintiffs or any other Class Member(s), as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing of any kind, or be in any way referred to by Settling Plaintiffs or any other Class Member(s) for any other reason or purpose as against any of the Released Parties, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that any Settling Party or other Released Party may refer to this Final Judgment and/or the Stipulation to effectuate the protection from liability granted hereunder;

    d. construed against any of the Released Parties, Settling Plaintiffs or any other Class Member(s) as an admission, concession or presumption that the consideration to be given in connection with the Settlement represents the amount which could be or would have been recovered after trial; nor

[PROPOSED] FINAL JUDGMENT -4-
CASE NO. CV 11-00536 JSW

    e. construed against Settling Plaintiffs or any other Class Member(s) as an admission, concession or presumption that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the amount of the Settlement Fund.

  12. This Final Judgment and/or the Stipulation may be filed in an action to enforce or interpret the terms of the Stipulation, the Settlement contained therein, and any other documents executed in connection therewith. Class Members, the Settling Defendants and/or any other Released Party may file this Final Judgment and/or the Stipulation in any action that may be brought against them in order to support a defense or counterclaim based on the principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

  13. Without affecting the finality of this Final Judgment in any way, this Court hereby retains continuing jurisdiction to effectuate and enforce the terms of this Final Judgment and the Settlement and over all matters related to this Final Judgment and the Settlement, including, but not limited to, the releases provided for in this Final Judgment.

  14. The Court finds and concludes that Settling Plaintiffs, Lead Counsel, the Settling Defendants and Defendants' Counsel at all times have complied with the requirements of Rule 11(b) of the Federal Rules of Civil Procedure.

  15. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Settling Defendants or their insurance carriers, as applicable, then this Final Judgment and the Preliminary Approval Order shall be rendered null and void, the Stipulation and Settlement shall be deemed terminated, and the Settling Parties shall return to their positions without prejudice in any way, as provided for in the Stipulation.

\\

\\

\\

\\

16. There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court pursuant to Rule 54(b) of the Federal Rules of Civil Procedure is expressly directed.

IT IS SO ORDERED.

DATED: April 2, 2012

_____
THE HONORABLE JEFFREY S. WHITE
UNITED STATES DISTRICT COURT JUDGE